Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
greg.arovas@kirkland.com
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Marcus E. Sernel, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
marc.sernel@kirkland.com
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Sarah E. Piepmeier, State Bar No. 227094
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
sarah.piepmeier@kirkland.com
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorneys for Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INTERTRUST TECHNOLOGIES CORPORATION, a Delaware Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC., a California Corporation,<br><br>            Defendant. | Case No. 4:13-cv-1235-YGR<br><br>**APPLE'S NOTICE OF MOTION AND MOTION TO DISMISS INTERTRUST'S CLAIMS FOR INDUCEMENT AND CONTRIBUTORY INFRINGEMENT**<br><br>Date:    June 25, 2013<br>Time:   2:00 p.m.<br>Place:   Courtroom 5, 2nd Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, June 25, 2013, at 2:00 p.m., or as soon thereafter as the matter may be heard by the Honorable Yvonne Gonzalez Rogers in Courtroom 5, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, defendant Apple Inc. shall and hereby does move the Court for an order dismissing Intertrust's claims for inducement and contributory infringement.  This motion is based on this notice of motion and supporting memorandum of points and authorities and such other written or oral argument as may be presented at or before this motion is deemed submitted by the Court.

Dated: May 10, 2013                     Respectfully Submitted,

*/s/Marcus E. Sernel, P.C.*
_____
Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
greg.arovas@kirkland.com
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Marcus E. Sernel, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
marc.sernel@kirkland.com
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Sarah E. Piepmeier, State Bar No. 227094
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
sarah.piepmeier@kirkland.com
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorneys for Apple Inc.*

Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
greg.arovas@kirkland.com
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Marcus E. Sernel, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
marc.sernel@kirkland.com
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Sarah E. Piepmeier, State Bar No. 227094
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
sarah.piepmeier@kirkland.com
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorneys for Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| INTERTRUST TECHNOLOGIES CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>Defendant. | Case No. 4:13-cv-1235-YGR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE'S MOTION TO DISMISS INTERTRUST'S CLAIMS FOR INDUCEMENT AND CONTRIBUTORY INFRINGEMENT**<br><br>Date: June 25, 2013<br>Time: 2:00 p.m.<br>Place: Courtroom 5, 2nd Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

# TABLE OF CONTENTS

Page

I. INTRODUCTION & STATEMENT OF ISSUES ...........................................................1

II. FACTUAL BACKGROUND..........................................................................................2

III. ARGUMENT....................................................................................................................4

    A. Intertrust Fails to Plead Sufficient Facts to State a Claim for Inducement............. 5

    B. Intertrust Fails to Plead Sufficient Facts to State a Claim for Contributory Infringement........................................................................................................... 7

IV. CONCLUSION.................................................................................................................9

# TABLE OF AUTHORITIES

**Page**

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 1, 4

*Bascom Research LLC v. Facebook, Inc.*,
  No. C 12-6293 SI, 2013 WL 968210 (N.D. Cal. Mar. 12, 2013) .......................................... 5, 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 1, 2, 4

*Brandywine Commc'ns Techs., LLC v. Casio Computer Co. Ltd.*,
  No. C 12-274, 2012 WL 6043819 (M.D. Fla. Dec. 5, 2012) ....................................................... 8

*Broadcom Corp. v. Qualcomm Inc.*,
  543 F.3d 683 (Fed. Cir. 2009) .................................................................................................. 5

*CreAgri, Inc. v. Pinnaclife, Inc.*,
  No. C 11-6635 LHK, 2013 WL 11569 (N.D. Cal. Jan. 1, 2013) .............................................. 7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011) .............................................................................................................. 5

*Grobler v. Sony Computer Entm't Am. LLC*,
  No. C 12-1526 LHK, 2013 WL 308937 (N.D. Cal. Jan. 25, 2013) .................................. 5, 6, 7

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................ 5, 8

*IpVenture, Inc. v. Cellco P'ship*,
  No. C 10-4755 JSW, 2011 WL 207978 (N.D. Cal. Jan. 21, 2011) ........................................... 8

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  No. C 11-798 LPS, 2012 WL 3201744 (D. Del. Sept. 20, 2012) ............................................. 7

*Pragmatus AV, LLC v. TangoMe, Inc.*,
  No. C 11-1092 LPS, 2013 WL 571798 (D. Del. Feb. 13, 2013) .............................................. 7

*Select Retrieval, LLC v. Bulbs.com Inc.*,
  No. C 12-10389 TSH, 2012 WL 6045942 (D. Mass. Dec. 4, 2012) ..................................... 7, 8

## STATUTES

35 U.S.C. § 271 ............................................................................................................................ 4, 7

35 U.S.C. § 271(b) ........................................................................................................................ 6, 7

## RULES

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................... 5

## I. INTRODUCTION & STATEMENT OF ISSUES

Intertrust's Complaint seeks to assert 15 patents containing over 1500 claims against nearly all of Apple's product and services, yet offers little more than cut-and-paste boilerplate conclusions to support its causes of action.  Such generic assertions, in particular for claims for inducement and contributory infringement, fail to satisfy the minimum pleading standards established by the United States Supreme Court in *Twombly* and *Iqbal*, and recently applied in the Federal Circuit's *In re Bill of Lading* opinion and several rulings of this District.  The Supreme Court has made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; rather, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Far from providing the required factual allegations, Intertrust's Complaint repeats verbatim the same conclusory recitations of legal elements for its inducement and contributory infringement claims across the various asserted patents and wide range of accused products.  This is not sufficient under the law and warrants dismissal of Intertrust's Complaint.

To assert an inducement claim, a complaint must provide factual allegations supporting an inference that the defendant engages in conduct that encourages third parties to perform infringing acts, with intent to cause infringement through such acts.  But Intertrust's Complaint fails to allege any facts regarding what conduct by Apple gives rise to inducement, what third party acts cause infringement, and how Apple's unspecified conduct somehow manifests intent to cause infringement through any such unidentified third party acts.  Intertrust merely provides fifteen essentially-identical recitations of legal elements for each of its inducement accusations.

A contributory infringement claim requires factual allegations supporting an inference of knowledge by Apple that the accused products contain infringing components that have no substantial non-infringing use.  But Intertrust's Complaint fails to allege any facts regarding which components are at issue within each of the numerous different accused products and why any such components supposedly lack substantial non-infringing uses under each of fifteen

asserted patents. As before, Intertrust merely repeats verbatim the same generic assertions regarding unspecified "infringing components of these products" throughout its Complaint.

To the extent Intertrust wishes to pursue the array of disparate claims asserted in its Complaint, it should be held to the pleading standards required under the law—well-pled *facts* must be provided for each cause of action under each patent, rather than the same generic boilerplate across all patents and products. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed"). Because Intertrust's assertions of inducement and contributory infringement fail to meet the minimum pleading standards, these causes of action should be dismissed.

## II.   FACTUAL BACKGROUND

Intertrust filed its Complaint against Apple on March 20, 2013. (Dkt. No. 1, Compl.) The Complaint asserts direct infringement, inducement, and contributory infringement by Apple of fifteen patents, collectively containing more than 1500 claims. (*Id.* Exs. 1-15.) These patents are asserted, in various permutations, against numerous Apple products and services, including iPhone (fourteen asserted patents), iPad (fourteen asserted patents), iPod nano/mini (one asserted patent), Apple TV (ten asserted patents), MacBook (thirteen asserted patents), iMac (thirteen asserted patents), iTunes (six asserted patents), iBookstore (three asserted patents), iOS App Store (six asserted patents), Mac App Store (five asserted patents), and Xcode software (one asserted patent).

In addition to alleging direct infringement, the Complaint asserts that Apple induces infringement by customers of the various different products accused under each of the asserted patents. These assertions are made in fifteen essentially-identical paragraphs, differing only with respect to the patent number:

> Notwithstanding Apple's actual notice of infringement, Apple has continued to manufacture, use, import, offer for sale, or sell the [xxx patent] Accused Products with knowledge of or willful blindness to the fact that its actions will induce Apple's customers and end users to infringe the [xxx patent].  Apple has induced and continues to induce others to infringe the [xxx patent] in violation of 35 U.S.C. § 271 by encouraging and facilitating others to perform actions that Apple knows to be acts of infringement of the [xxx patent] with intent that those performing the acts infringe the [xxx patent].  Upon information and belief, Apple advertises regarding the [xxx patent] Accused Products, publishes specifications and promotional literature describing the operation of the [xxx patent] Accused Products, creates and/or distributes user manuals for the [xxx patent] Accused Products, and offers support and technical assistance to its customers.  Consumers of these products then directly or jointly infringe the [xxx patent].

(*Id.* ¶¶ 38, 50, 62, 74, 86, 98, 110, 122, 134, 146, 158, 170, 182, 194, 206.)

None of Intertrust's inducement assertions provide any facts regarding what specific acts by consumers allegedly infringe the patent in question with respect to any of the various different products accused under each patent.  There are also no facts—beyond the general proposition that Apple advertises, distributes manuals, and offers customer support—indicating how Apple intends to encourage infringement through any such unidentified acts of its customers.

Intertrust's contributory infringement allegations are similarly conclusory.  As before, these assertions are made in fifteen essentially-identical paragraphs, differing only with respect to the patent number:

> Apple knows that the [xxx patent] Accused Products are especially made or especially adapted for use in the infringement of the [xxx patent].  The infringing components of these products are not staple articles or commodities of commerce suitable for substantial non-infringing use, and the infringing components of these products are a material part of the invention of the [xxx patent].  Accordingly, Apple is also contributing to the direct infringement of the [xxx patent] by the consumers of these products.

(*Id.* ¶¶ 39, 51, 63, 75, 87, 99, 111, 123, 135, 147, 159, 171, 183, 195, 207.)  No facts are provided regarding the identity of the alleged "infringing components of these products" within each of the numerous different accused Apple products, which allegedly lack substantial non-infringing uses.  Nor are any facts provided indicating why Intertrust believes that any such

1  unspecified "infringing components" lack substantial non-infringing uses with respect to each of
2  the fifteen asserted patents.

3  The Complaint further alleges that the parties engaged in pre-suit discussions, during
4  which Intertrust made "repeated attempts to license its patents to Apple" and allegedly made
5  infringement assertions under several patents-in-suit.  (*Id.* ¶ 28.)  Intertrust also provides various
6  vague assertions regarding widespread use of its "patented technologies" in "virtually every level
7  of [Apple's] consumer electronics enterprise including its operating systems, devices,
8  applications, application trust infrastructure, and several of its profitable and strategically
9  important services and capabilities . . ." (*Id.* ¶¶ 24-26.)  But none of these generalized assertions
10 supply the missing factual allegations regarding the nature of Intertrust's claims under each of
11 the fifteen asserted patents against numerous accused products.

12 The generic and conclusory nature Intertrust's various assertions deprives Apple of fair
13 notice of the claims to which it must respond and presents an impediment to the case proceeding
14 in an orderly fashion.  Apple therefore brings the present motion to dismiss.

15 **III.   ARGUMENT**

16 To survive a motion to dismiss under Rule 12(b)(6), the Complaint's "[f]actual
17 allegations must be enough to raise a right to relief above the speculative level."  *See Twombly*,
18 550 U.S. at 555.  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief
19 requires more than labels and conclusions, and a formulaic recitation of a cause of action's
20 elements will not do."  *See id.* at 545; *Iqbal*, 556 U.S. at 678 (explaining that "[t]hreadbare
21 recitals of the elements of a cause of action, supported by mere conclusory statements, do not
22 suffice").  Thus, a complaint must include "factual content that allows the court to draw the
23 reasonable inference that the defendant is liable for the misconduct alleged."  *See Iqbal*, 556 U.S.
24 at 678.

25 Although bare-bones patent infringement complaints may have been tolerated prior to
26 *Twombly* and *Iqbal*, the Federal Circuit and courts in this District have made clear that this

27
28

approach is no longer viable for pleading inducement and contributory infringement.[1] *See In re Bill of Lading Transmission and Processing Sys. Patent Litig.,* 681 F.3d 1323 (Fed. Cir. 2012); *Bascom Research LLC v. Facebook, Inc.,* No. C 12-6293 SI, 2013 WL 968210, at *5 (N.D. Cal. Mar. 12, 2013); *Grobler v. Sony Computer Entm't Am. LLC*, No. C 12-1526 LHK, 2013 WL 308937, at *2 (N.D. Cal. Jan. 25, 2013).

### A.     Intertrust Fails to Plead Sufficient Facts to State a Claim for Inducement.

"Liability for inducement under § 271(b) 'requires knowledge that the induced acts constitute patent infringement.'" *See Bill of Lading,* 681 F.3d at 1339 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011)).  Inducement also "requires evidence of culpable conduct, directed to encouraging another's infringement."  *See Broadcom Corp. v. Qualcomm Inc.,* 543 F.3d 683, 698 (Fed. Cir. 2009).  Thus, a complaint claiming inducement "must contain facts plausibly showing that [defendant] specifically intended their customers to infringe the [] patent and knew that the customer's acts constituted infringement." *See Bill of Lading,* 681 F.3d at 1339; *see also Bascom*, 2013 WL 968210, at *5 (explaining that acceptable inducement claims include, for example, "factual allegations setting forth the similarities between the patent claims and the advertised features of the [defendant's] products").

Intertrust's Complaint fails to state a claim for inducement because it is devoid of factual allegations to support an inference that Apple encourages infringing acts by its customers, with intent to cause infringement.  In particular, no facts are alleged regarding what conduct by Apple—within its general involvement with advertising, product manuals, and customer support—allegedly gives rise to inducement.  (Dkt. No. 1, Compl. ¶ 38; *see also id.* ¶¶ 51, 63, 75, 87, 99, 111, 123, 135, 147, 159, 171, 183, 195, 207.)  Nor are any facts alleged regarding what infringing acts by consumers are supposedly encouraged by Apple.  (*Id.*)  Absent such facts, there is nothing more than speculation that some unspecified conduct by Apple somehow

---

[1] For direct infringement, compliance with Federal Rule Form 18 is sufficient to avoid dismissal.  The vague nature of Intertrust's direct infringement claims is therefore not addressed in this motion.

1  manifests intent to cause infringement of fifteen patents by encouraging customers to perform an
2  unidentified set of infringing acts with numerous different products.
3      This District routinely dismisses inducement claims that fail to allege sufficient facts that
4  a defendant encouraged specific acts of third parties, with intent to cause infringement through
5  such acts.  For example, the following inducement allegations—which contain more detail than
6  Intertrust's—were found to be insufficient:

| *Grobler v. Sony*<br>**Dismissed by Judge Illston** | *Bascom v. Facebook*<br>**Dismissed by Judge Koh** | **Intertrust** |
|---|---|---|
| "[T]hrough its website at http://www.us.playstation.com/, Sony advertises the feature in the Playstation Network system whereby a user can download and view for a limited period of time rental movies on a Playstation device. Through its website, Sony furthermore provides instructions on how to use the Playstation Network system to download and view such rental movies. On information and belief, by using this feature in the Playstation Network system to download and view rental movies, Sony's customers have directly infringed and continue to directly infringe one or more claims of the '084 Patent. On information and belief, Sony knew or should have known its activities in encouraging and assisting customers . . . would induce its customers' direct infringement of the '084 patent." | "Facebook provides detailed instructions to developers to enable them to integrate with the Facebook website . . . [Facebook] indirectly infringes the Patents–In–Suit . . . by instructing, directing and/or requiring others, including its users and developers, to perform all or some of the steps of the method claims . . . [Facebook] has actively and knowingly induced and continues to actively and knowingly induce infringement of one or more claims of the [] patents . . . "[Facebook] has induced and continues to induce others to infringe the [] Patents under 35 U.S.C. § 271(b) by actively and intentionally aiding and abetting others, including its users, to infringe." | "Apple has induced and continues to induce others to infringe the '900 patent in violation of 35 U.S.C. § 271 by encouraging and facilitating others to perform actions that Apple knows to be acts of infringement of the '900 patent with intent that those performing the acts infringe the '900 patent. Upon information and belief, Apple advertises regarding the '900 Accused Products, publishes specifications and promotional literature describing the operation of the '900 Accused Products, creates and/or distributes user manuals for the '900 Accused Products, and offers support and technical assistance to its customers. Consumers of these products then directly or jointly infringe the '900 patent." |

23  *Compare Grobler*, 2013 WL 308937, at *2, and *Bascom*, 2013 WL 968210, at *5, *with* (Dkt. No.
24  1, Compl. ¶ 38) (all excerpted).
25      The allegations in *Bascom* were dismissed because "there are no allegations setting forth
26  the similarities between the claims of the patents-in-suit and the defendants' products, nor are
27  there any specific allegations about how defendants have advertised an infringing use or
28  instructed customers or third parties regarding how to engage in an infringing use."  *See Bascom*,

2013 WL 968210, at *5; *see also CreAgri, Inc. v. Pinnaclife, Inc.*, No. C 11-6635 LHK, 2013 WL 11569, at *4 (N.D. Cal. Jan. 1, 2013) (finding that a "conclusory statement that [defendant] publishes documents 'intending' that persons infringe, does not provide any facts at all from which such an inference could be drawn"). In *Grobler*, the court similarly explained that although plaintiff "has alleged facts sufficient to support an inference that Sony intends its customers to download rental movies," this generalized proposition cannot "plausibly support an inference of intent" to cause specific infringing acts. *Grobler*, 2013 WL 308937, at *3.[2]

As explained above, Intertrust's inducement claims share the same deficiencies repeatedly found by this District to be grounds for dismissal. Indeed, the meaningless nature of Intertrust's generic references to unspecified advertising by Apple and unidentified acts of infringement by consumers is reinforced by its verbatim repetition of these same allegations—changing only the patent number—throughout the Complaint. (Dkt. No. 1, Compl. ¶¶ 38, 50, 62, 74, 86, 98, 110, 122, 134, 146, 158, 170, 182, 194, 206.) These cut-and-paste allegations cannot simultaneously support inferences of intent to encourage infringement through each of the vast array of disparate acts implicated by fifteen different patents and numerous different accused products. Accordingly, Intertrust's inducement claims should be dismissed.

### B.  Intertrust Fails to Plead Sufficient Facts to State a Claim for Contributory Infringement.

Liability for contributory infringement requires a sale or offer for sale of components that are: i) material to practicing the claimed invention, ii) not suitable for "substantial non-infringing

---

[2] Courts in other districts have likewise routinely dismissed inducement claims that rely on conclusory recitations of legal elements without sufficient factual allegations to support an inference that these elements can be satisfied. *See, e.g., Pragmatus AV, LLC v. TangoMe, Inc.*, No. C 11-1092 LPS, 2013 WL 571798, at *12 (D. Del. Feb. 13, 2013) (holding that intent element cannot be pled based on "the bare fact that Tango continued to make Tango video conference services and products available to its users after Plaintiff provided Tango with the afore-mentioned written 'notice' of infringement"); *Select Retrieval, LLC v. Bulbs.com Inc.,* No. C 12-10389 TSH, 2012 WL 6045942, at *4 (D. Mass. Dec. 4, 2012) (dismissing complaint that "rehashes the elements of induced infringement, but . . . fails to supply any facts demonstrating the Defendant's knowledge and specific intent to encourage infringement"); *MONEC Holding AG v. Motorola Mobility, Inc.,* No. C 11-798 LPS, 2012 WL 3201744, at *8 (D. Del. Sept. 20, 2012) (holding that "[a]llegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement").

use," and iii) known by the alleged infringer "to be especially made or especially adapted for use in an infringement of such patent." *See Bill of Lading*, 681 F.3d at 1337.  Thus, "[t]o state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *See id.*  Intertrust's Complaint fails to do so.

Intertrust's Complaint does not allege that any complete Apple products lack substantial non-infringing uses—an assertion that would be implausible on its face. (Dkt. No. 1, Compl. ¶ 39; *see also id.* ¶¶ 51, 63, 75, 87, 99, 111, 123, 135, 147, 159, 171, 183, 195, 207); *see Brandywine Commc'ns Techs., LLC v. Casio Computer Co. Ltd.*, No. C 12-274, 2012 WL 6043819, at *9 (M.D. Fla. Dec. 5, 2012) (noting that "the products [plaintiff] identifies as infringing are mobile phones, for which it seems implausible that there exists no substantial non-infringing use").  Instead, Intertrust directs its assertions at "infringing components of these products." (*Id.*)

But Intertrust fails to allege any facts regarding which "infringing components" it is pointing to within any of the numerous accused products. (*Id.*)  Nor are any facts alleged regarding why these unidentified "infringing components" lack substantial non-infringing uses, or how Apple has knowledge of this. (*Id.*)  These generic allegations fail to state a claim for contributory infringement. *See Brandywine,* 2012 WL 6043819, at *10 (dismissing contributory infringement claim, in part, because plaintiff "has not identified what Casio 'material or apparatus' is material to practicing an invention, has no substantial non-infringing uses, and is known 'to be especially made or especially adapted for use in the infringement of such patent'"); *Select Retrieval,* 2012 WL 6045942, at *3 (dismissing complaint that "states the elements of contributory infringement" but fails to "allege facts from which the Court can make the inference that the patented method or software had 'no substantial non-infringing uses'" and "that the Defendant acted knowingly"); *IpVenture, Inc. v. Cellco P'ship,* No. C 10-4755 JSW, 2011 WL 207978, at *3 (N.D. Cal. Jan. 21, 2011) (dismissing claim that "recites the various elements of contributory infringement without providing any factual support to give context (or, perhaps more importantly, plausibility) to the allegations").

As before, the meaningless nature of Intertrust's generic allegations regarding lack of non-infringing uses for unidentified "infringing components" and regarding Apple supposed knowledge of this is reinforced by its repetition of this same language throughout the complaint. (Dkt. No. 1, Compl. ¶¶ 39, 51, 63, 75, 87, 99, 111, 123, 135, 147, 159, 171, 183, 195, 207.)  The absence of any factual allegations tailored to specific components within each of the numerous accused products, which allegedly lack substantial non-infringing uses under fifteen asserted patents, renders it impossible for Intertrust's allegations to support anything more than speculation.  The contributory infringement allegations should therefore be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that Intertrust's claims for inducement and contributory infringement be dismissed.

Dated: May 10, 2013                                  Respectfully Submitted,

*/s/Marcus E. Sernel, P.C.*
_____
Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
greg.arovas@kirkland.com
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Marcus E. Sernel, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
marc.sernel@kirkland.com
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Sarah E. Piepmeier, State Bar No. 227094
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
sarah.piepmeier@kirkland.com
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

*Attorneys for Apple Inc.*