Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
greg.arovas@kirkland.com
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Marcus E. Sernel, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
marc.sernel@kirkland.com
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Sarah E. Piepmeier, SBN 227094
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
sarah.piepmeier@kirkland.com
Telephone: (415) 439-1976
Facsimile: (415) 439-1500

*Attorneys for Apple Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| INTERTRUST TECHNOLOGIES CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California Corporation, <br><br> Defendant. | Case No. 4:13-cv-1235-YGR <br><br> **APPLE'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO INTERTRUST'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> The Honorable Yvonne Gonzalez Rogers <br><br> **JURY TRIAL DEMANDED** |

Apple responds to Intertrust's First Amended Complaint for Patent Infringement (hereinafter "Amended Complaint") as follows:

## INTRODUCTION

Apple denies all allegations in Intertrust's Amended Complaint unless expressly admitted in the following paragraphs. Apple also reserves the right to take further positions and raise additional defenses and counterclaims as may become apparent as a result of additional information discovered subsequent to filing this Response.

## THE PARTIES

1.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

2.    Apple admits the allegations in paragraph 2 of the Amended Complaint.

## NATURE OF THE ACTION

3.    Apple admits that Intertrust filed this civil action for patent infringement against Apple, but denies Intertrust's allegations of patent infringement.

4.    Apple admits that Intertrust purports to seek injunctive relief and monetary damages, but denies that any such relief is appropriate. Apple denies the remaining allegations in paragraph 4 of the Amended Complaint.

## INTRADISTRICT ASSIGNMENT

5.    Apple admits the allegations in paragraph 5 of the Amended Complaint.

6.    Apple admits that the '900 patent, '019 patent, '912 patent, '861 patent, '876 patent, '891 patent, '181 patent, '721 patent, '683 patent, and the '193 patent were at issue in *Intertrust Tech. Corp. v. Microsoft Corp.*, Nos. 01-cv-1640-SBA and 02-cv-0647-SBA in the Oakland Division of this District ("the *Microsoft* Actions"). Apple admits that the Court issued a claim construction order in the *Microsoft* Actions, *Intertrust Tech. Corp. v. Microsoft Corp.*, 275 F.Supp.2d 1031 (N.D. Cal. 2003), construing certain claim terms. Apple denies the remaining allegations in paragraph 6 of the Amended Complaint.

## JURISDICTION AND VENUE

7.    Apple admits that Intertrust purports to allege patent infringement under 35 U.S.C. §§

1 *et seq.*, but denies such allegations.

8.  Apple admits that, for the purpose of this action only, this Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.  Apple admits that, for the purpose of this action only, it is subject to this Court's personal jurisdiction.

    i.  Apple admits that it is incorporated in California and has its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple admits that it has brought suit in the Northern District of California and that it conducts business in the Northern District of California.

    ii.  Apple admits that it has its principal place of business and operates retail stores in the Northern District of California. Apple denies the remaining allegations in paragraph 9(ii) of the Complaint.

    iii.  Apple admits that it filed a complaint for patent infringement in the Northern District of California in the action captioned, *Apple Inc. v. Samsung Electronics Co., Ltd,* No. 11-cv-1846-LHK.

10.  Apple admits that, for the purpose of this action only, that venue is proper in the Northern District of California. Apple admits that it does business and has a regular and established place of business in the Northern District of California, and that for the purpose of this action only, it is subject to personal jurisdiction in this District. Apple denies the remaining allegations in paragraph 10 of the Amended Complaint

## ALLEGED FACTUAL BACKGROUND

11.  Apple is without knowledge or information sufficient to form a belief as to the truth of allegations regarding circumstances of Intertrust's founding. Apple denies the remaining allegations in paragraph 11 of the Amended Complaint.

12.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint, and therefore denies these allegations.

13.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint, and therefore denies these allegations.

14.  Apple is without knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 14 of the Amended Complaint, and therefore denies these allegations.

15. Apple denies that any technologies embodied in Intertrust's patents underpin the security and data management components of Apple devices, services and products. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies these allegations.

16. The characterizations in paragraph 16 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Apple denies the characterizations in paragraph 16 of the Amended Complaint.

17. Apple is without knowledge or information sufficient to form a belief as to whether the Asserted Patents are a product of Intertrust's research and development, and therefore denies this allegation. Apple denies the remaining allegations in paragraph 17 of the Amended Complaint.

18. Apple is without knowledge or information sufficient to form a belief as to what Intertrust allegedly recognized, and therefore denies this allegation. Apple denies the remaining allegations in paragraph 18 of the Amended Complaint.

19. The characterizations in paragraph 19 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Apple denies the characterizations in paragraph 19 of the Amended Complaint. Apple denies the remaining allegations in paragraph 19 of the Amended Complaint.

20. The characterizations in paragraph 20 are too generalized, vague, and ambiguous to admit or deny. To the extent a response is necessary, Apple denies the characterizations in paragraph 20 of the Amended Complaint. Apple denies the remaining allegations in paragraph 20 of the Amended Complaint.

21. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint, and therefore denies these allegations.

22. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding products licensed under the Asserted Patents, and therefore denies these allegations. Apple denies the remaining allegations in paragraph 22 of the Amended Complaint.

23. Apple admits that it has engaged in discussions with Intertrust for a number of years.

Apple admits that, during such discussions, Intertrust made general references to its involvement in litigation and subsequent settlement with Microsoft. Apple denies the remaining allegations in paragraph 23 of the Complaint.

24. Apple denies the allegations in paragraph 24 of the Amended Complaint.

25. Apple denies the allegations in paragraph 25 of the Amended Complaint.

26. Apple denies the allegations in paragraph 26 of the Amended Complaint.

27. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint regarding Intertrust's licensing, deployment, and development of its purported technologies, and therefore denies these allegations. Apple denies the remaining allegations in paragraph 27 of the Complaint.

28. Apple denies the allegations in paragraph 28 of the Amended Complaint.

29. Apple denies the allegations in paragraph 29 of the Amended Complaint.

30. Apple denies the allegations in paragraph 30 of the Amended Complaint.

31. Apple admits that the quoted statement exists at the location indicated. Apple denies the remaining allegations in paragraph 31 of the Amended Complaint.

32. Apple denies the allegations in paragraph 32 of the Amended Complaint.

## COUNT I

### (Infringement of U.S. Patent No. 5,892,900)

33. Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

34. Apple admits that United States Patent No. 5,892,900 ("the '900 patent"), titled "Systems and Methods for Secure Transaction Management and Electronic Rights Protection," issued to Intertrust on April 6, 1999, but denies that the '900 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages. Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Amended Complaint, and therefore denies these allegations.

35.     Apple denies the allegations in paragraph 35 of the Amended Complaint.

36.     Apple denies the allegations in paragraph 36 of the Amended Complaint.

37.     Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '900 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies the alleged knowledge of any infringement.  Apple admits that the '900 patent is cited as prior art in certain Apple patents, but denies alleged notice on this basis.  Apple denies the remaining allegations in paragraph 37 of the Amended Complaint.

38.     Apple admits that the quoted statement exists at the location indicated.  Apple denies the remaining allegations in paragraph 38 of the Amended Complaint.

39.     Apple denies the allegations in paragraph 39 of the Amended Complaint.

40.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint.

41.     Apple denies the allegations in paragraph 41 of the Amended Complaint.

42.     Apple denies the allegations in paragraph 42 of the Amended Complaint.

43.     Apple denies the allegations in paragraph 43 of the Amended Complaint.

44.     Apple denies the allegations in paragraph 44 of the Amended Complaint.

## <u>COUNT II</u>

### (Infringement of U.S. Patent No. 5,915,019)

45.     Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

46.     Apple admits that United States Patent No. 5,915,019 ("the '019 patent"), titled "Systems and Methods for Secure Transaction Management and Electronic Rights Protection," issued to Intertrust on June 22, 1999, but denies that the '019 patent was "duly and legally" issued and denies that Intertrust is entitled to injunctive relief or damages.  Apple admits that a document purporting to be a copy of the '019 patent caption page and claims was attached to the Amended Complaint as Exhibit 2.  Apple admits that a document purporting to be a copy of the '900 patent was attached to the Complaint as Exhibit 1.  Apple admits that a document purporting to be a

complete copy of the '019 patent was served upon Apple with the Original Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of the Amended Complaint, and therefore denies these allegations.

47. Apple denies the allegations in paragraph 47 of the Amended Complaint.

48. Apple denies the allegations in paragraph 48 of the Amended Complaint.

49. Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '019 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of any infringement. Apple denies the remaining allegations in paragraph 49 of the Amended Complaint.

50. Apple admits that the stated documents exist. Apple denies the remaining allegations in paragraph 50 of the Amended Complaint.

51. Apple admits that the stated documents and web pages exist. Apple denies the remaining allegations in paragraph 51 of the Amended Complaint.

52. Apple denies the allegations in paragraph 52 of the Amended Complaint.

53. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Complaint.

54. Apple denies the allegations in paragraph 54 of the Amended Complaint.

55. Apple denies the allegations in paragraph 55 of the Amended Complaint.

56. Apple denies the allegations in paragraph 56 of the Amended Complaint.

57. Apple denies the allegations in paragraph 57 of the Amended Complaint.

## COUNT III

### (Infringement of U.S. Patent No. 5,917,912)

58. Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

59. Apple admits that United States Patent No. 5,917,912 ("the '912 patent"), titled "System and Methods for Secure Transaction Management and Electronic Rights Protection," issued to Intertrust on June 29, 1999, but Apple denies that the '912 patent was "duly and legally" issued

and denies that Intertrust is entitled to any injunctive relief or damages. Apple admits that a document purporting to be a copy of the caption page and claims of the '912 patent was attached to the Amended Complaint as Exhibit 3. Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1. Apple admits that a document purporting to be a complete copy of the '912 patent was served upon Apple with the Original Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 of the Amended Complaint, and therefore denies these allegations

60.     Apple denies the allegations in paragraph 60 of the Amended Complaint.

61.     Apple denies the allegations in paragraph 61 of the Amended Complaint.

62.     Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '912 patent to Apple's attention prior to the filing date of the Original Complaint, and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of any infringement. Apple denies the remaining allegations in paragraph 62 of the Amended Complaint.

63.     Apple admits that the quoted statement exists at the location indicated. Apple denies the remaining allegations in paragraph 63 of the Amended Complaint.

64.     Apple denies the allegations in paragraph 64 of the Amended Complaint.

65.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Amended Complaint, and therefore denies these allegations.

66.     Apple denies the allegations in paragraph 66 of the Amended Complaint.

67.     Apple denies the allegations in paragraph 67 of the Amended Complaint.

68.     Apple denies the allegations in paragraph 68 of the Amended Complaint.

69.     Apple denies the allegations in paragraph 69 of the Amended Complaint.

## COUNT IV

### (Infringement of U.S. Patent No. 5,920,861)

70.     Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

71. Apple admits that United States Patent No. 5,920,861 ("the '861 patent"), titled "Techniques for Defining Using and Manipulating Rights Management Data Structures," issued to Intertrust on July 6, 1999, but Apple denies that the '861 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages. Apple admits that a document purporting to be a copy of the '861 patent was attached to the Amended Complaint as Exhibit 4. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 of the Amended Complaint, and therefore denies these allegations.

72. Apple denies the allegations in paragraph 72 of the Amended Complaint.

73. Apple denies the allegations in paragraph 73 of the Amended Complaint.

74. Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '861 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies the alleged knowledge of any infringement. Apple denies the remaining allegations in paragraph 74 of the Amended Complaint.

75. Apple admits that the stated documents and web pages exist. Apple denies the remaining allegations in paragraph 75 of the Amended Complaint.

76. Apple denies the allegations in paragraph 76 of the Amended Complaint.

77. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Amended Complaint.

78. Apple denies the allegations in paragraph 78 of the Amended Complaint.

79. Apple denies the allegations in paragraph 79 of the Amended Complaint.

80. Apple denies the allegations in paragraph 80 of the Amended Complaint.

81. Apple denies the allegations in paragraph 81 of the Amended Complaint.

## COUNT V

### (Infringement of U.S. Patent No. 5,949,876)

82. Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

83. Apple admits that United States Patent No. 5,949,876 ("the '876 patent"), titled

"Systems and Methods for Secure Transaction Management and Electronic Rights Protection," issued to Intertrust on September 7, 1999, but Apple denies that the '876 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages. Apple admits that a document purporting to be a copy of the caption page and claims of the '876 patent was attached to the Amended Complaint as Exhibit 5. Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 of the Amended Complaint, and therefore denies these allegations.

84.    Apple denies the allegations in paragraph 84 of the Amended Complaint.

85.    Apple denies the allegations in paragraph 85 of the Amended Complaint.

86.    Apple admits that it had knowledge of the '876 patent since receiving service of the Original Complaint, but Apple denies that it has actual knowledge of any infringement. Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of infringement. Apple denies the remaining allegations in paragraph 86 of the Amended Complaint.

87.    Apple admits that the stated web page exists. Apple admits that the quoted statement exists at the location indicated. Apple denies the remaining allegations in paragraph 87 of the Amended Complaint.

88.    Apple denies the allegations in paragraph 88 of the Amended Complaint.

89.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Amended Complaint.

90.    Apple denies the allegations in paragraph 90 of the Amended Complaint.

91.    Apple denies the allegations in paragraph 91 of the Amended Complaint.

92.    Apple denies the allegations in paragraph 92 of the Amended Complaint.

## COUNT VI

### (Infringement of U.S. Patent No. 5,982,891)

93.    Apple repeats and incorporates by reference the responses in paragraphs 1-32 as

though fully set forth herein.

94.     Apple admits that United States Patent No. 5,982,891 ("the '891 patent"), titled "Systems and Methods for Secure Transaction Management and Electronic Rights Protection," issued to Intertrust on November 9, 1999, but Apple denies that the '891 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages.  Apple admits that a document purporting to be a copy of the caption page and claims of the '891 patent was attached to the Amended Complaint as Exhibit 6.  Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1.  Apple admits that a document purporting to be a complete copy of the '891 patent was served upon Apple with the Original Complaint.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94 of the Amended Complaint, and therefore denies these allegations.

95.     Apple denies the allegations in paragraph 95 of the Amended Complaint.

96.     Apple denies the allegations in paragraph 96 of the Amended Complaint.

97.     Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '891 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of any infringement.  Apple denies the remaining allegations in paragraph 97 of the Amended Complaint.

98.     Apple admits that the stated document and web pages exist.  Apple denies the remaining allegations in paragraph 98 of the Amended Complaint.

99.     Apple denies the allegations in paragraph 99 of the Amended Complaint.

100.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Amended Complaint.

101.    Apple denies the allegations in paragraph 101 of the Amended Complaint.

102.    Apple denies the allegations in paragraph 102 of the Amended Complaint.

103.    Apple denies the allegations in paragraph 103 of the Amended Complaint.

104.    Apple denies the allegations in paragraph 104 of the Amended Complaint.

**<u>COUNT VII</u>**

**(Infringement of U.S. Patent No. 6,112,181)**

105.    Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

106.    Apple admits that United States Patent No. 6,112,181 ("the '181 patent"), titled "Systems and Methods for Matching, Selecting, Narrowcasting, and/or Classifying Based on Rights Management and/or Other Information," issued to Intertrust on August 29, 2000, but Apple denies that the '181 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages.  Apple admits that a document purporting to be a copy of the '181 patent was attached to the Amended Complaint as Exhibit 7.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106 of the Amended Complaint, and therefore denies these allegations.

107.    Apple denies the allegations in paragraph 107 of the Amended Complaint.

108.    Apple denies the allegations in paragraph 108 of the Amended Complaint.

109.    Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '181 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of infringement.  Apple denies the remaining allegations in paragraph 109 of the Amended Complaint.

110.    Apple admits that the quoted statement exists at the location indicated. Apple denies the remaining allegations of paragraph 110 of the Amended Complaint.

111.    Apple denies the allegations in paragraph 111 of the Amended Complaint.

112.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Amended Complaint.

113.    Apple denies the allegations in paragraph 113 of the Amended Complaint.

114.    Apple denies the allegations in paragraph 114 of the Amended Complaint.

115.    Apple denies the allegations in paragraph 115 of the Amended Complaint.

116.    Apple denies the allegations in paragraph 116 of the Amended Complaint.

## COUNT VIII

### (Infringement of U.S. Patent No. 6,157,721)

117.    Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

118.    Apple admits that United States Patent No. 6,157,721 ("the '721 patent"), titled "Systems and Methods Using Cryptography to Protect Secure Computing Environments," issued to Intertrust on December 5, 2000, but Apple denies that the '721 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages.  Apple admits that a document purporting to be a copy of the '721 patent was attached to the Amended Complaint as Exhibit 8.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 118 of the Amended Complaint, and therefore denies these allegations.

119.    Apple denies the allegations in paragraph 119 of the Amended Complaint.

120.    Apple denies the allegations in paragraph 120 of the Amended Complaint.

121.    Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '721 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of any infringement.  Apple denies the remaining allegations in paragraph 121 of the Amended Complaint.

122.    Apple admits that the quoted statements exist at the locations indicated. Apple admits that the stated documents exist.  Apple denies the remaining allegations in paragraph 122 of the Amended Complaint.

123.    Apple admits that the quoted statement exists at the location indicated. Apple admits that the stated document exists.  Apple denies the remaining allegations in paragraph 123 of the Amended Complaint.

124.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Amended Complaint.

125.    Apple denies the allegations in paragraph 125 of the Amended Complaint.

126. Apple denies the allegations in paragraph 126 of the Amended Complaint.

127. Apple denies the allegations in paragraph 127 of the Amended Complaint.

128. Apple denies the allegations in paragraph 128 of the Amended Complaint.

## COUNT IX

### (Infringement of U.S. Patent No. 6,185,683)

129. Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

130. Apple admits that United States Patent No. 6,185,683 ("the '683 patent"), titled "Trusted and Secure Techniques, Systems And Methods for Item Delivery and Execution," issued to Intertrust on February 6, 2001, but Apple denies that the '683 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages. Apple admits that a document purporting to be a copy of the caption page and claims of the '683 patent was attached to the Amended Complaint as Exhibit 9. Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1. Apple admits that a document purporting to be a complete copy of the '683 patent was served upon Apple with the Original Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 130 of the Amended Complaint, and therefore denies these allegations.

131. Apple denies the allegations in paragraph 131 of the Amended Complaint.

132. Apple denies the allegations in paragraph 132 of the Amended Complaint.

133. Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '683 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of any infringement. Apple denies the remaining allegations in paragraph 133 of the Amended Complaint.

134. Apple admits that the stated documents and web pages exist. Apple denies the remaining allegations of paragraph 134 of the Amended Complaint.

135. Apple is without knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 135 of the Amended Complaint.

136.    Apple denies the allegations in paragraph 136 of the Amended Complaint.

137.    Apple denies the allegations in paragraph 137 of the Amended Complaint.

138.    Apple denies the allegations in paragraph 138 of the Amended Complaint.

139.    Apple denies the allegations in paragraph 139 of the Amended Complaint.

## COUNT X

### (Infringement of U.S. Patent No. 6,253,193)

140.    Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

141.    Apple admits that United States Patent No. 6,253,193 ("the '193 patent"), titled "Systems and Methods for the Secure Transaction Management And Electronic Rights Protection," issued to Intertrust on June 26, 2001, but Apple denies that the '193 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages. Apple admits that a document purporting to be a copy of the caption page and claims of the '193 patent was attached to the Amended Complaint as Exhibit 10. Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1. Apple admits that a document purporting to be a complete copy of the '193 patent was served upon Apple with the Original Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 141 of the Amended Complaint, and therefore denies these allegations.

142.    Apple denies the allegations in paragraph 142 of the Amended Complaint.

143.    Apple denies the allegations in paragraph 143 of the Amended Complaint.

144.    Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '193 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of infringement. Apple denies the remaining allegations in paragraph 144 of the Amended Complaint.

145.    Apple admits that the stated web pages exist. Apple denies the remaining allegations

in paragraph 145 of the Amended Complaint.

146.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Amended Complaint.

147.    Apple denies the allegations in paragraph 147 of the Amended Complaint.

148.    Apple denies the allegations in paragraph 148 of the Amended Complaint.

149.    Apple denies the allegations in paragraph 149 of the Amended Complaint.

150.    Apple denies the allegations in paragraph 150 of the Amended Complaint.

## <u>COUNT XI</u>

### (Infringement of U.S. Patent No. 7,392,395)

151.    Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

152.    Apple admits that United States Patent No. 7,392,395 ("the '395 patent"), titled "Trusted and Secure Techniques, Systems and Methods for Item Delivery and Execution," issued to Intertrust on June 24, 2008, but Apple denies that the '395 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages.  Apple admits that a document purporting to be a copy of the caption page and claims of the '395 patent was attached to the Amended Complaint as Exhibit 11.  Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1.  Apple admits that a document purporting to be a complete copy of the '395 patent was served upon Apple with the Original Complaint.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 152 of the Amended Complaint, and therefore denies these allegations.

153.    Apple denies the allegations in paragraph 153 of the Amended Complaint.

154.    Apple denies the allegations in paragraph 154 of the Amended Complaint.

155.    Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '395 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of infringement.  Apple denies the remaining allegations in paragraph 155 of the

Amended Complaint.

156. Apple admits that the stated documents and web pages exist. Apple denies the remaining allegations in paragraph 156 of the Amended Complaint.

157. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the Amended Complaint.

158. Apple denies the allegations in paragraph 158 of the Amended Complaint.

159. Apple denies the allegations in paragraph 159 of the Amended Complaint.

160. Apple denies the allegations in paragraph 160 of the Amended Complaint.

161. Apple denies the allegations in paragraph 161 of the Amended Complaint.

## COUNT XII

### (Infringement of U.S. Patent No. 7,734,553)

162. Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

163. Apple admits that United States Patent No. 7,734,553 ("the '553 patent"), titled "Systems and Methods Using Cryptography to Protect Secure Computing Environments," issued to Intertrust on June 8, 2010, but Apple denies that the '553 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages. Apple admits that a document purporting to be a copy of the caption page and claims of the '553 patent was attached to the Amended Complaint as Exhibit 12. Apple admits that a document purporting to be a copy of the '721 patent was attached to the Amended Complaint as Exhibit 8. Apple admits that a document purporting to be a complete copy of the '553 patent was served upon Apple with the Original Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 163 of the Amended Complaint, and therefore denies these allegations.

164. Apple denies the allegations in paragraph 164 of the Amended Complaint.

165. Apple denies the allegations in paragraph 165 of the Amended Complaint.

166. Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '553 patent to Apple's attention and made general

1  references to its involvement in litigation and subsequent settlement with Microsoft, but denies
2  alleged knowledge of any infringement.  Apple denies the remaining allegations in paragraph 166 of
3  the Amended Complaint.

4  167.    Apple admits that the stated documents exist.   Apple admits that the quoted
5  statements exist at the locations indicated.  Apple denies the remaining allegations of paragraph 167
6  of the Amended Complaint.

7  168.    Apple admits that the stated document exists.  Apple admits that the quoted statement
8  exists at the location indicated.   Apple denies the remaining allegations in paragraph 168 of the
9  Amended Complaint.

10  169.    Apple is without knowledge or information sufficient to form a belief as to the truth
11  of the allegations in paragraph 169 of the Amended Complaint.

12  170.    Apple denies the allegations in paragraph 170 of the Amended Complaint.

13  171.    Apple denies the allegations in paragraph 171 of the Amended Complaint.

14  172.    Apple denies the allegations in paragraph 172 of the Amended Complaint.

15  173.    Apple denies the allegations in paragraph 173 of the Amended Complaint.

16  ## COUNT XIII

17  ### (Infringement of U.S. Patent No. 7,761,916)

18  174.    Apple repeats and incorporates by reference the responses in paragraphs 1-32 as
19  though fully set forth herein.

20  175.    Apple admits that United States Patent No. 7,761,916 ("the '916 patent"), titled
21  "Systems and Methods Using Cryptography to Protect Secure Computing Environments," issued to
22  Intertrust on July 20, 2010, but Apple denies that the '916 patent was "duly and legally" issued, and
23  denies that Intertrust is entitled to any injunctive relief or damages.  Apple admits that a document
24  purporting to be a copy of the caption page and claims of the '916 patent was attached to the
25  Amended Complaint as Exhibit 13.  Apple admits that a document purporting to be a copy of the
26  '721 patent was attached to the Amended Complaint as Exhibit 8.  Apple admits that a document
27  purporting to be a complete copy of the '916 patent was served upon Apple with the Original
28  Complaint.  Apple is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in paragraph 175 of the Amended Complaint, and therefore denies these allegations.

176.     Apple denies the allegations in paragraph 176 of the Amended Complaint.

177.     Apple denies the allegations in paragraph 177 of the Amended Complaint.

178.     Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '916 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of any infringement.  Apple denies the remaining allegations in paragraph 178 of the Amended Complaint.

179.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the Amended Complaint.

180.     Apple denies the allegations in paragraph 180 of the Amended Complaint.

181.     Apple denies the allegations in paragraph 181 of the Amended Complaint.

182.     Apple denies the allegations in paragraph 182 of the Amended Complaint.

183.     Apple denies the allegations in paragraph 183 of the Amended Complaint.

## COUNT XIV

### (Infringement of U.S. Patent No. 8,191,157)

184.     Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

185.     Apple admits that United States Patent No. 8,191,157 ("the '157 patent"), titled "Systems and Methods for Secure Transaction Management and Electronics Rights Protection," issued to Intertrust on July 20, 2010, but Apple denies that the '157 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages.  Apple admits that a document purporting to be a copy of the caption page and claims of the '157 patent was attached to the Amended Complaint as Exhibit 14.  Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1.  Apple admits that a document purporting to be a complete copy of the '157 patent was served upon Apple with the Original Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in paragraph 185 of the Amended Complaint, and therefore denies these allegations.

186.    Apple denies the allegations in paragraph 186 of the Amended Complaint.

187.    Apple denies the allegations in paragraph 187 of the Amended Complaint.

188.    Apple admits that it had knowledge of the '157 patent since receiving service of the Original Complaint, but Apple denies that it has actual knowledge of any infringement.  Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies the alleged knowledge of any infringement.  Apple denies the remaining allegations in paragraph 188 of the Amended Complaint.

189.    Apple admits that it currently includes iTunes, iBooks, and the App store on iOS devices.  Apple admits that the stated web pages exist.  Apple denies the remaining allegations in paragraph 189 of the Amended Complaint.

190.    Apple denies the allegations in paragraph 190 of the Amended Complaint.

191.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 of the Amended Complaint.

192.    Apple denies the allegations in paragraph 192 of the Amended Complaint.

193.    Apple denies the allegations in paragraph 193 of the Amended Complaint.

194.    Apple denies the allegations in paragraph 194 of the Amended Complaint.

195.    Apple denies the allegations in paragraph 195 of the Amended Complaint.

## COUNT XV

### (Infringement of U.S. Patent No. 8,191,158)

196.    Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

197.    Apple admits that United States Patent No. 8,191,158 ("the '158 patent"), titled "Systems and Methods for Secure Transaction Management and Electronic Rights Protection," issued to Intertrust on May 29, 2012, but Apple denies that the '158 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages.  Apple admits that a

document purporting to be a copy of the caption page and claims of the '158 patent was attached to the Amended Complaint as Exhibit 15. Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1. Apple admits that a document purporting to be a complete copy of the '158 patent was served upon Apple with the Original Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 197 of the Amended Complaint, and therefore denies these allegations.

198. Apple denies the allegations in paragraph 198 of the Amended Complaint.

199. Apple denies the allegations in paragraph 199 of the Amended Complaint.

200. Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '158 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of infringement. Apple denies the remaining allegations in paragraph 200 of the Amended Complaint.

201. Apple admits that it currently includes iTunes, iBooks, and the App store on iOS devices. Apple admits that the stated web pages exist. Apple denies the remaining allegations and characterizations of paragraph 201 of the Amended Complaint.

202. Apple denies the allegations in paragraph 202 of the Amended Complaint.

203. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 of the Amended Complaint.

204. Apple denies the allegations in paragraph 204 of the Amended Complaint.

205. Apple denies the allegations in paragraph 205 of the Amended Complaint.

206. Apple denies the allegations in paragraph 206 of the Amended Complaint.

207. Apple denies the allegations in paragraph 207 of the Amended Complaint.

## COUNT XVI

### (Infringement of U.S. Patent No. 6,658,568)

208. Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

209. Apple admits that United States Patent No. 6,658,568 ("the '568 patent"), titled "Trusted Infrastructure Support System, Methods and Techniques for Secure Electronic Commerce Transaction and Rights Management," issued to Intertrust on December 2, 2003, but Apple denies that the '568 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages. Apple admits that a document purporting to be a copy of the caption page and claims of the '568 patent was attached to the Amended Complaint as Exhibit 16. Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1. Apple admits that a document purporting to be a complete copy of the '568 patent was served upon Apple with the Original Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 209 of the Amended Complaint, and therefore denies these allegations.

210. Apple denies the allegations in paragraph 210 of the Amended Complaint.

211. Apple denies the allegations in paragraph 211 of the Amended Complaint.

212. Apple admits that, during discussions between the parties prior to the filing date of the Amended Complaint, Intertrust brought the '568 patent to Apple's attention but denies alleged knowledge of infringement. Apple denies the remaining allegations in paragraph 212 of the Amended Complaint.

213. Apple admits that the quoted statement exists at the location indicated. Apple denies the remaining allegations and characterizations of paragraph 213 of the Amended Complaint.

214. Apple denies the allegations in paragraph 214 of the Amended Complaint.

215. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 of the Amended Complaint.

216. Apple denies the allegations in paragraph 216 of the Amended Complaint.

217. Apple denies the allegations in paragraph 217 of the Amended Complaint.

218. Apple denies the allegations in paragraph 218 of the Amended Complaint.

219. Apple denies the allegations in paragraph 219 of the Amended Complaint.

## COUNT XVII

### (Infringement of U.S. Patent No. 6,668,325)

220. Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

221. Apple admits that United States Patent No. 6,668,325 ("the '325 patent"), titled "Obfuscation Techniques for Enhancing Software Security," issued to Intertrust on December 23, 2003, but Apple denies that the '325 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages. Apple admits that a document purporting to be a copy of the '325 patent was attached to the Amended Complaint as Exhibit 17. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 221 of the Amended Complaint, and therefore denies these allegations.

222. Apple denies the allegations in paragraph 222 of the Amended Complaint.

223. Apple denies the allegations in paragraph 223 of the Amended Complaint.

224. Apple admits that, during discussions between the parties prior to the filing date of the Amended Complaint, Intertrust brought the '325 patent to Apple's attention, but denies alleged knowledge of any infringement. Apple admits that the '325 patent is cited as prior art in certain Apple patents, but denies alleged notice on this basis. Apple admits that the quoted statement exists at the location indicated. Apple denies the remaining allegations in paragraph 224 of the Amended Complaint.

225. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 of the Amended Complaint.

226. Apple denies the allegations in paragraph 226 of the Amended Complaint.

227. Apple denies the allegations in paragraph 227 of the Amended Complaint.

228. Apple denies the allegations in paragraph 228 of the Amended Complaint.

229. Apple denies the allegations in paragraph 229 of the Amended Complaint.

## COUNT XVIII

### (Infringement of U.S. Patent No. 7,281,133)

230. Apple repeats and incorporates by reference the responses in paragraphs 1-32 as

though fully set forth herein.

231. Apple admits that United States Patent No. 7,281,133 ("the '133 patent"), titled "Trusted and Secure Techniques, Systems and Methods for Item Delivery and Execution," issued to Intertrust on October 9, 2007, but Apple denies that the '133 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages. Apple admits that a document purporting to be a copy of the caption page and claims of the '133 patent was attached to the Amended Complaint as Exhibit 18. Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 231 of the Amended Complaint, and therefore denies these allegations.

232. Apple denies the allegations in paragraph 232 of the Amended Complaint.

233. Apple denies the allegations in paragraph 233 of the Amended Complaint.

234. Apple admits that, during discussions between the parties prior to the filing date of the Amended Complaint, Intertrust brought the '133 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of any infringement. Apple denies the remaining allegations in paragraph 234 of the Amended Complaint.

235. Apple admits that it owns and operates the Apple iTunes Store, iBookstore, iOS and Mac App Store, and that it sells iOS and OSX devices. Apple admits that it currently includes iTunes, iBooks, and the App store on iOS devices. Apple also admits that it currently includes iTunes and the Mac App Store as part of the OS X operating system installed on its OS X devices. Apple admits that the stated web pages exist. Apple denies the remaining allegations in paragraph 235 of the Amended Complaint.

236. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236 of the Amended Complaint.

237. Apple denies the allegations in paragraph 237 of the Amended Complaint.

238. Apple denies the allegations in paragraph 238 of the Amended Complaint.

239. Apple denies the allegations in paragraph 239 of the Amended Complaint.

240.     Apple denies the allegations in paragraph 240 of the Amended Complaint.

## <u>COUNT XIX</u>

### (Infringement of U.S. Patent No. 7,581,092)

241.     Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

242.     Apple admits that United States Patent No. 7,581,092 ("the '092 patent"), titled "Systems and Methods Using Cryptography to Protect Secure Computing Environments," issued to Intertrust on August 25, 2009, but Apple denies that the '092 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages.  Apple admits that a document purporting to be a copy of the caption page and claims of the '092 patent was attached to the Amended Complaint as Exhibit 19.  Apple admits that a document purporting to be a copy of the '721 patent was attached to the Amended Complaint as Exhibit 8.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 242 of the Amended Complaint, and therefore denies these allegations.

243.     Apple denies the allegations in paragraph 243 of the Amended Complaint.

244.     Apple denies the allegations in paragraph 244 of the Amended Complaint.

245.     Apple admits that, during discussions between the parties prior to the filing date of the Amended Complaint, Intertrust brought the '092 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of any infringement.  Apple denies the remaining allegations in paragraph 245 of the Amended Complaint.

246.     Apple admits that the quoted statements exist at the locations indicated.  Apple denies the remaining allegations and characterizations of paragraph 246 of the Amended Complaint.

247.     Apple denies the allegations in paragraph 247 of the Amended Complaint.

248.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 248 of the Amended Complaint.

249.     Apple denies the allegations in paragraph 249 of the Amended Complaint.

250.     Apple denies the allegations in paragraph 250 of the Amended Complaint.

251.    Apple denies the allegations in paragraph 251 of the Amended Complaint.

252.    Apple denies the allegations in paragraph 252 of the Amended Complaint.

## COUNT XX

### (Infringement of U.S. Patent No. 7,590,853)

253.    Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

254.    Apple admits that United States Patent No. 7,590,853 ("the '853 patent"), titled "Systems and Methods Using Cryptography to Protect Secure Computing Environments," issued to Intertrust on September 15, 2009, but Apple denies that the '853 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages.  Apple admits that a document purporting to be a copy of the caption page and claims of the '853 patent was attached to the Amended Complaint as Exhibit 20.  Apple admits that a document purporting to be a copy of the '721 patent was attached to the Amended Complaint as Exhibit 8.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 254 of the Amended Complaint, and therefore denies these allegations.

255.    Apple denies the allegations in paragraph 255 of the Amended Complaint.

256.    Apple denies the allegations in paragraph 256 of the Amended Complaint.

257.    Apple admits that, during discussions between the parties prior to the filing date of the Amended Complaint, Intertrust brought the '853 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies the alleged knowledge of infringement.  Apple denies the remaining allegations in paragraph 257 of the Amended Complaint.

258.    Apple admits that the stated documents exist.  Apple admits that the quoted statements exist at the locations indicated. Apple denies the remaining allegations of paragraph 258 of the Amended Complaint.

259.    Apple admits that the stated document exists.  Apple admits that the quoted statement exists at the location indicated.  Apple denies the remaining allegations in paragraph 259 of the Amended Complaint.

260.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260 of the Amended Complaint.

261.    Apple denies the allegations in paragraph 261 of the Amended Complaint.

262.    Apple denies the allegations in paragraph 262 of the Amended Complaint.

263.    Apple denies the allegations in paragraph 263 of the Amended Complaint.

264.    Apple denies the allegations in paragraph 264 of the Amended Complaint.

## COUNT XXI

### (Infringement of U.S. Patent No. 7,844,835)

265.    Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

266.    Apple admits that United States Patent No. 7,844,835 ("the '835 patent"), titled "Systems and Methods for Secure Transaction Management and Electronic Rights Protection," issued to Intertrust on November 30, 2010, but Apple denies that the '835 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages.  Apple admits that a document purporting to be a copy of the caption page and claims of the '853 patent was attached to the Amended Complaint as Exhibit 21.  Apple admits that a document purporting to be a copy of the '900 patent was attached to the Amended Complaint as Exhibit 1.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 266 of the Amended Complaint, and therefore denies these allegations.

267.    Apple denies the allegations in paragraph 267 of the Amended Complaint.

268.    Apple denies the allegations in paragraph 268 of the Amended Complaint.

269.    Apple admits that, during discussions between the parties prior to the filing date of the Amended Complaint, Intertrust brought the '835 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of any infringement.  Apple denies the remaining allegations in paragraph 269 of the Amended Complaint.

270.    Apple admits that it currently includes iTunes, iBooks, and the App store on its iOS devices. Apple admits that the stated web pages exist.  Apple denies the remaining allegations in

paragraph 270 of the Amended Complaint.

271.    Apple denies the allegations in paragraph 271 of the Amended Complaint.

272.    Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 272 of the Amended Complaint.

273.    Apple denies the allegations in paragraph 273 of the Amended Complaint.

274.    Apple denies the allegations in paragraph 274 of the Amended Complaint.

275.    Apple denies the allegations in paragraph 275 of the Amended Complaint.

276.    Apple denies the allegations in paragraph 276 of the Amended Complaint.

## COUNT XXII

### (Infringement of U.S. Patent No. 7,904,707)

277.    Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

278.    Apple admits that United States Patent No. 7,904,707 ("the '707 patent"), titled "Systems and Methods Using Cryptography to Protect Secure Computing Environments," issued to Intertrust on March 8, 2011, but Apple denies that the '707 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages. Apple admits that a document purporting to be a copy of the caption page and claims of the '707 patent was attached to the Amended Complaint as Exhibit 22. Apple admits that a document purporting to be a copy of the '721 patent was attached to the Amended Complaint as Exhibit 8. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 278 of the Amended Complaint, and therefore denies these allegations.

279.    Apple denies the allegations in paragraph 279 of the Amended Complaint.

280.    Apple denies the allegations in paragraph 280 of the Amended Complaint.

281.    Apple admits that it had knowledge of the '707 patent since receiving service of the Amended Complaint, but Apple denies that it has actual knowledge of any infringement. Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust made general references to its involvement in litigation and subsequent settlement with Microsoft. Apple denies the remaining allegations in paragraph 281 of the Amended Complaint.

282.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282 of the Amended Complaint.

283.     Apple denies the allegations in paragraph 283 of the Amended Complaint.

284.     Apple denies the allegations in paragraph 284 of the Amended Complaint.

285.     Apple denies the allegations in paragraph 285 of the Amended Complaint.

286.     Apple denies the allegations in paragraph 286 of the Amended Complaint.

## COUNT XXIII

### (Infringement of U.S. Patent No. 7,925,898)

287.     Apple repeats and incorporates by reference the responses in paragraphs 1-32 as though fully set forth herein.

288.     Apple admits that United States Patent No. 7,925,898 ("the '898 patent"), titled "Systems and Methods Using Cryptography to Protect Secure Computing Environments," issued to Intertrust on April 12, 2011, but Apple denies that the '898 patent was "duly and legally" issued and denies that Intertrust is entitled to any injunctive relief or damages.  Apple admits that a document purporting to be a copy of the caption page and claims of the '898 patent was attached to the Amended Complaint as Exhibit 23.  Apple admits that a document purporting to be a copy of the '721 patent was attached to the Amended Complaint as Exhibit 8.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 288 of the Amended Complaint, and therefore denies these allegations.

289.     Apple denies the allegations in paragraph 289 of the Amended Complaint.

290.     Apple denies the allegations in paragraph 290 of the Amended Complaint.

291.     Apple admits that, during discussions between the parties prior to the filing date of the Original Complaint, Intertrust brought the '898 patent to Apple's attention and made general references to its involvement in litigation and subsequent settlement with Microsoft, but denies alleged knowledge of any infringement.  Apple denies the remaining allegations in paragraph 291 of the Amended Complaint.

292.     Apple admits that the stated document exists.  Apple admits that the quoted statement exists at the location indicated.  Apple denies the remaining allegations in paragraph 292 of the

Amended Complaint.

293.     Apple denies the allegations in paragraph 293 of the Amended Complaint.

294.     Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 294 of the Amended Complaint.

295.     Apple denies the allegations in paragraph 295 of the Amended Complaint.

296.     Apple denies the allegations in paragraph 296 of the Amended Complaint.

297.     Apple denies the allegations in paragraph 297 of the Amended Complaint.

298.     Apple denies the allegations in paragraph 298 of the Amended Complaint.

## **PRAYER FOR RELIEF**

Apple denies that Intertrust is entitled to any relief.

# AFFIRMATIVE AND OTHER DEFENSES

Apple alleges and asserts the following defenses and reserves the right to amend its answer to assert any other basis for invalidity, unenforceability, or any other defense.

## FIRST DEFENSE

### (Non-Infringement)

Apple does not infringe and has not infringed under any theory (including directly, jointly, contributorily, or by inducement) any valid and enforceable claim of U.S. Patent No. 5,892,900 ("the '900 patent"), U.S. Patent No. 5,915,019 ("the '019 patent"), U.S. Patent No. 5,917,912 ("the '912 patent"), U.S. Patent No. 5,920,861 ("the '861 patent"), U.S. Patent No. 5,949,876 ("the '876 patent"), U.S. Patent No. 5,982,891 ("the '891 patent"), U.S. Patent No. 6,112,181 ("the '181 patent"), U.S. Patent No. 6,157,721 ("the '721 patent"), U.S. Patent No. 6,185,683 ("the '683 patent"), U.S. Patent No. 6,253,193 ("the '193 patent"), U.S. Patent No. 7,392,395 ("the '395 patent"), U.S. Patent No. 7, 734,553 ("the '553 patent"), U.S. Patent No. 7,761,916 ("the '916 patent"), U.S. Patent No. 8,191,157 ("the '157 patent"), U.S. Patent No. 8,191,158 ("the '158 patent"), and U.S. Patent No. 6,658,568 (" the '568 patent"), U.S. Patent No. 6,668,325 ("the '325 patent"), U.S. Patent No. 7,281,133 ("the '133 patent"), U.S. Patent No. 7,581,092 ("the '092 patent"), U.S. Patent No. 7,590,853 ("the '853 patent"), U. S. Patent No. 7,844,835 ("the '835 patent"), U.S. Patent No. 7,904,707 ("the '707 patent"), and U.S. Patent No. 7,925,898 ("the '898 patent") ("the Asserted Patents"), either literally or under the doctrine of equivalents, willfully or otherwise.

Apple has not and does not directly infringe any claim of the Asserted Patents because Apple's products do not include each and every element of any valid claim of the Asserted Patents.

Apple has not and does not contribute to infringement of any Asserted Patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple's products are not especially made or especially adapted for use in infringement of any valid claim of the Asserted Patents. Moreover, Apple's products are suitable for substantial noninfringing uses.

Apple has not and does not actively encourage and induce others to directly infringe any valid claim of the Asserted Patents. Apple's products do not infringe the Asserted Patents by

inducement under 35 U.S.C. § 271(b), because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

## SECOND DEFENSE

### (Invalidity)

The Asserted Patents are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112. One or more claims of each Asserted Patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. Such claims do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of each Asserted Patent is invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103.

One or more claims of each Asserted Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## THIRD DEFENSE

### (Statutory Damages Limitations)

Intertrust's recovery for alleged infringement of the Asserted Patents, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287 and 288.

## FOURTH DEFENSE

### (Laches)

Intertrust's recovery of damages for the alleged infringement of the Asserted Patents is barred by the equitable doctrine of laches. In particular, Intertrust delayed filing suit against Apple for an unreasonable and inexcusable length of time from the time it knew or reasonably should have known of its claims against Apple. This delay caused Apple to suffer prejudice. Intertrust unreasonably and inexcusably delayed filing suit for the alleged patent infringement against Apple until March 20, 2013. Apple suffered material prejudice, both evidentiary and economic, as a result of Intertrust's unreasonable and inexcusable delay.

## FIFTH DEFENSE

## (Estoppel)

Intertrust's claims are barred in whole or in part by estoppel, including without limitation equitable estoppel and prosecution history estoppel. Through misleading conduct, including silence and inaction, Intertrust led Apple to reasonably infer that Intertrust would not allege infringement of the Asserted Patents, and Apple relied on Intertrust's misleading conduct. Intertrust is estopped, based on statements, representations, and admissions made during the prosecution before the United States Patent and Trademark Office of the patent applications resulting in the Asserted Patents, as well as patent applications and proceedings related to any of the Asserted Patents, from asserting that Apple has infringed, directly or indirectly, any claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## SIXTH DEFENSE

## (License and/or Patent Exhaustion)

On information and belief, Intertrust's claims are barred in whole or in part pursuant to an express and/or implied license, and/or the doctrine of patent exhaustion based on one or more agreements previously entered into by Intertrust and/or Apple.

## SEVENTH DEFENSE

## (No Entitlement to Injunctive Relief)

Intertrust is not entitled to injunctive relief against Apple, including because any alleged injury to Intertrust as a result of Apple's alleged activities is not immediate or irreparable, and Intertrust has an adequate remedy at law. For example, Intertrust alleges that it offered to, and has in the past, and continues to today, license the Asserted Patents for monetary amounts.

## EIGHTH DEFENSE

## (Costs)

Intertrust is not entitled to recover costs associated with this action under 35 U.S.C. § 285.

**<u>COUNTERCLAIMS</u>**

Counterclaimant Apple, by and through its attorneys, asserts the following Counterclaims against Counterdefendant Intertrust. Apple further states as follows:

1. Apple is a corporation organized under the laws of California with its principal place of business at 1 Infinite Loop, Cupertino, California.

2. On information and belief, Intertrust is a corporation organized under the laws of Delaware with its principal place of business at 920 Stewart Drive, Sunnyvale, California 94085.

**<u>JURISDICTION AND VENUE</u>**

3. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., for a declaratory judgment that patents owned by Intertrust are not infringed by Apple and are invalid.

4. A valid and justiciable controversy regarding U.S. Patent No. 5,892,900 ("the '900 patent"), U.S. Patent No. 5,915,019 ("the '019 patent"), U.S. Patent No. 5,917,912 ("the '912 patent"), U.S. Patent No. 5,920,861 ("the '861 patent"), U.S. Patent No. 5,949,876 ("the '876 patent"), U.S. Patent No. 5,982,891 ("the '891 patent"), U.S. Patent No. 6,112,181 ("the '181 patent"), U.S. Patent No. 6,157,721 ("the '721 patent"), U.S. Patent No. 6,185,683 ("the '683 patent"), U.S. Patent No. 6,253,193 ("the '193 patent"), U.S. Patent No. 7,392,395 ("the '395 patent"), U.S. Patent No. 7, 734,553 ("the '553 patent"), U.S. Patent No. 7,761,916 ("the '916 patent"), U.S. Patent No. 8,191,157 ("the '157 patent"), U.S. Patent No. 8,191,158 ("the '158 patent"), and U.S. Patent No. 6,658,568 (" the '568 patent"), U.S. Patent No. 6,668,325 ("the '325 patent"), U.S. Patent No. 7,281,133 ("the '133 patent"), U.S. Patent No. 7,581,092 ("the '092 patent"), U.S. Patent No. 7,590,853 ("the '853 patent"), U. S. Patent No. 7,844,835 ("the '835 patent"), U.S. Patent No. 7,904,707 ("the '707 patent"), and U.S. Patent No. 7,925,898 ("the '898 patent") ("the Asserted Patents") has arisen because Intertrust is asserting infringement of these patents by Apple, and Apple denies these assertions. Therefore, this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. This Court has personal jurisdiction over Intertrust and venue is proper because Intertrust has voluntarily appeared and consented to this venue by filing its claims for patent

infringement here.

6.     An actual and justiciable controversy exists between Apple and Intertrust concerning the non-infringement and invalidity of one or more claims of the Asserted Patents. That controversy is ripe for adjudication by this Court.

## COUNTERCLAIM COUNT I
### (Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 5,892,900)

7.     Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

8.     Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims.[1] Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

9.     To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '900 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '900 patent because Apple's products do not include each and every element of any claim of the '900 patent. Additionally, Apple has not and does not contribute to infringement of the '900 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '900 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '900 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

---

[1] In early July 2013, Apple requested that Intertrust identify the asserted claims, or at least a set of the claims that Intertrust expects to assert in this matter. As of the filing of this Answer, Intertrust has not identified any such claims.

10.     The '900 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.  One or more claims of the '900 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101.  In particular, one or more claims of the '900 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof.  Additionally, one or more claims of the '900 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103.  Further, one or more claims of the '900 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT II

**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 5,915,019)**

11.     Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

12.     Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents.  Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims.  Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

13.     To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '019 patent, either literally or under the doctrine of equivalents.  Apple has not and does not directly infringe any claim of the '019 patent because Apple's products do not include each and every element of any claim of the '019 patent. Additionally, Apple has not and does not contribute to infringement of the '019 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '019 patent.  Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the

'019 patent.  Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

14.     The '019 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.  One or more claims of the '019 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101.  In particular, one or more claims of the '019 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof.  Additionally, one or more claims of the '019 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103.  Further, one or more claims of the '019 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT III
### (Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 5,917,912)

15.     Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

16.     Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents.  Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims.  Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

17.     To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '912 patent, either literally or under the doctrine of equivalents.  Apple has not and does not directly infringe any claim of the '912 patent because Apple's products do not include each and every element of any claim of the '912 patent. Additionally, Apple has not and does not contribute to infringement of the '912 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple

has no knowledge that its products are especially made or especially adapted for use in infringement of the '912 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '912 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

18. The '912 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '912 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '912 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '912 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '912 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT IV
**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 5,920,861)**

19. Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

20. Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

21. To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '861 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '861

patent because Apple's products do not include each and every element of any claim of the '861 patent. Apple has not and does not contribute to infringement of the '861 patent. In particular, Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '861 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '861 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

22. The '861 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '861 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '861 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '861 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '861 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT V
**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 5,949,876)**

23. Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

24. Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

25. To the extent Intertrust's overly broad and far reaching infringement allegations

sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '876 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '876 patent because Apple's products do not include each and every element of any claim of the '876 patent. Additionally, Apple has not and does not contribute to infringement of the '876 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '876 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '876 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

26. The '876 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '876 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '876 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '876 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '876 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT VI
### (Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 5,982,891)

27. Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

28. Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain

nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

29.     To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '891 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '891 patent because Apple's products do not include each and every element of any claim of the '891 patent. Additionally, Apple has not and does not contribute to infringement of the '891 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '891 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '891 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

30.     The '891 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '891 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '891 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '891 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '891 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT VII
### (Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 6,112,181)

31.     Apple realleges and incorporates herein by reference the allegations in Counterclaim

paragraphs 1 through 6.

32. Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

33. To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '181 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '181 patent because Apple's products do not include each and every element of any claim of the '181 patent. Additionally, Apple has not and does not contribute to infringement of the '181 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '181 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '181 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

34. The '181 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '181 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '181 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '181 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '181 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## <u>COUNTERCLAIM COUNT VIII</u>

**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 6,157,721)**

35.    Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

36.    Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents.  Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims.  Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

37.    To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '721 patent, either literally or under the doctrine of equivalents.  Apple has not and does not directly infringe any claim of the '721 patent because Apple's products do not include each and every element of any claim of the '721 patent. Additionally, Apple has not and does not contribute to infringement of the '721 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '721 patent.  Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '721 patent.  Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

38.    The '721 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.  One or more claims of the '721 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101.  In particular, one or more claims of the '721 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof.  Additionally, one or more claims of the '721 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103.  Further, one or more claims of the '721 patent are invalid for failure to comply with the

requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT IX

**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 6,185,683)**

39.     Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

40.     Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

41.     To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '683 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '683 patent because Apple's products do not include each and every element of any claim of the '683 patent. Additionally, Apple has not and does not contribute to infringement of the '683 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '683 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '683 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

42.     The '683 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '683 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '683 patent do not relate to a new and useful process, machine, manufacture, or

composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '683 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '683 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT X

**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 6,253,193)**

43. Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

44. Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

45. To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '193 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '193 patent because Apple's products do not include each and every element of any claim of the '193 patent. Additionally, Apple has not and does not contribute to infringement of the '193 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '193 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '193 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

46. The '193 patent is invalid for failing to satisfy one or more of the conditions of

patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '193 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '193 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '193 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '193 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

### COUNTERCLAIM COUNT XI

**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,392,395)**

47.     Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

48.     Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

49.     To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '395 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '395 patent because Apple's products do not include each and every element of any claim of the '395 patent. Additionally, Apple has not and does not contribute to infringement of the '395 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '395 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '395 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because

Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

50.     The '395 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.  One or more claims of the '395 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101.  One or more claims of the '395 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof.  Additionally, one or more claims of the '395 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103.  Further, one or more claims of the '395 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

**COUNTERCLAIM COUNT XII**

**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,734,553)**

51.     Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

52.     Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents.  Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims.  Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

53.     To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '553 patent, either literally or under the doctrine of equivalents.  Apple has not and does not directly infringe any claim of the '553 patent because Apple's products do not include each and every element of any claim of the '553 patent. Additionally, Apple has not and does not contribute to infringement of the '553 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement

of the '553 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '553 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

54. The '553 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '553 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '553 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '553 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '553 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT XIII

### (Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,761,916)

55. Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

56. Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

57. To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '916 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '916 patent because Apple's products do not include each and every element of any claim of the '916

patent. Additionally, Apple has not and does not contribute to infringement of the '916 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '916 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '916 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

58. The '916 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '916 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '916 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '916 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '916 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT XIV
### (Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 8,191,157)

59. Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

60. Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

61. To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has

not induced infringement of any valid and enforceable claim of the '157 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '157 patent because Apple's products do not include each and every element of any claim of the '157 patent. Additionally, Apple has not and does not contribute to infringement of the '157 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '157 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '157 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

62. The '157 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '157 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '157 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '157 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '157 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

<u>**COUNTERCLAIM COUNT XV**</u>

**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 8,191,158)**

63. Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

64. Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges

are infringed by Apple's products.

65.     To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '158 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '158 patent because Apple's products do not include each and every element of any claim of the '158 patent. Additionally, Apple has not and does not contribute to infringement of the '158 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '158 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '158 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

66.     The '158 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '158 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '158 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '158 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '158 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT XVI
### (Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 6,658,568)

67.     Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

1    68.    Intertrust failed to show, and cannot show, that Apple's products infringe any of the

2    Asserted Patents.  Intertrust's Amended Complaint asserts twenty three patents that together contain

3    nearly 2000 claims.  Intertrust fails to specify with any particularity the claims that Intertrust alleges

4    are infringed by Apple's products.

5    69.    To the extent Intertrust's overly broad and far reaching infringement allegations

6    sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has

7    not induced infringement of any valid and enforceable claim of the '568 patent, either literally or

8    under the doctrine of equivalents.  Apple has not and does not directly infringe any claim of the '568

9    patent because Apple's products do not include each and every element of any claim of the '568

10   patent.  Additionally, Apple has not and does not contribute to infringement of the '568 patent.

11   Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple

12   has no knowledge that its products are especially made or especially adapted for use in infringement

13   of the '568 patent.  Moreover, Apple's products are suitable for substantial noninfringing uses.

14   Further, Apple has not and does not actively encourage and induce others to directly infringe the

15   '568 patent.  Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because

16   Apple does not actively and knowingly aid and abet another's direct infringement, including a

17   specific intent and clear actions to induce infringement.

18   70.    The '568 patent is invalid for failing to satisfy one or more of the conditions of

19   patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.  One or more claims of the '568 patent

20   are invalid for failure to satisfy the requirements of 35 U.S.C. § 101.  In particular, one or more

21   claims of the '568 patent do not relate to a new and useful process, machine, manufacture, or

22   composition of matter, or any new and useful improvement thereof. Additionally, one or more

23   claims of the '568 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and

24   103.  Further, one or more claims of the '568 patent are invalid for failure to comply with the

25   requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to

26   particularly point out and distinctly claim the alleged invention, and/or failure to enable any person

27   skilled in the art to make and use the alleged invention.

28

## COUNTERCLAIM COUNT XVII

### (Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 6,668,325)

71.     Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

72.     Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents.  Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims.  Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

73.     To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '325 patent, either literally or under the doctrine of equivalents.  Apple has not and does not directly infringe any claim of the '325 patent because Apple's products do not include each and every element of any claim of the '325 patent. Additionally, Apple has not and does not contribute to infringement of the '325 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '325 patent.   Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '325 patent.  Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

74.     The '325 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.  One or more claims of the '325 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101.  In particular, one or more claims of the '325 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof.  Additionally, one or more claims of the '325 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103.  Further, one or more claims of the '325 patent are invalid for failure to comply with the

requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT XVIII

**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,281,133)**

75.     Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

76.     Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

77.     To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '133 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '133 patent because Apple's products do not include each and every element of any claim of the '133 patent. Additionally, Apple has not and does not contribute to infringement of the '133 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '133 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '133 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

78.     The '133 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '133 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '133 patent do not relate to a new and useful process, machine, manufacture, or

composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '133 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '133 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT XIX

### (Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,581,092)

79. Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

80. Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

81. To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '092 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '092 patent because Apple's products do not include each and every element of any claim of the '092 patent. Additionally, Apple has not and does not contribute to infringement of the '092 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '092 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '092 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

82. The '092 patent is invalid for failing to satisfy one or more of the conditions of

patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '092 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. One or more claims of the '092 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '092 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '092 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT XX

**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,590,853)**

83. Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

84. Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

85. To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '853 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '853 patent because Apple's products do not include each and every element of any claim of the '853 patent. Additionally, Apple has not and does not contribute to infringement of the '853 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '853 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '853 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because

1    Apple does not actively and knowingly aid and abet another's direct infringement, including a

2    specific intent and clear actions to induce infringement.

3              86.    The '853 patent is invalid for failing to satisfy one or more of the conditions of

4    patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.  One or more claims of the '853 patent

5    are invalid for failure to satisfy the requirements of 35 U.S.C. § 101.  In particular, one or more

6    claims of the '853 patent do not relate to a new and useful process, machine, manufacture, or

7    composition of matter, or any new and useful improvement thereof.  Additionally, one or more

8    claims of the '853 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and

9    103.  Further, one or more claims of the '853 patent are invalid for failure to comply with the

10   requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to

11   particularly point out and distinctly claim the alleged invention, and/or failure to enable any person

12   skilled in the art to make and use the alleged invention.

### COUNTERCLAIM COUNT XXI

**(Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,844,835)**

15             87.    Apple realleges and incorporates herein by reference the allegations in Counterclaim

16   paragraphs 1 through 6.

17             88.    Intertrust failed to show, and cannot show, that Apple's products infringe any of the

18   Asserted Patents.  Intertrust's Amended Complaint asserts twenty three patents that together contain

19   nearly 2000 claims.  Intertrust fails to specify with any particularity the claims that Intertrust alleges

20   are infringed by Apple's products.

21             89.    To the extent Intertrust's overly broad and far reaching infringement allegations

22   sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has

23   not induced infringement of any valid and enforceable claim of the '835 patent, either literally or

24   under the doctrine of equivalents.  Apple has not and does not directly infringe any claim of the '835

25   patent because Apple's products do not include each and every element of any claim of the '835

26   patent. Additionally, Apple has not and does not contribute to infringement of the '835 patent.

27   Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple

28   has no knowledge that its products are especially made or especially adapted for use in infringement

of the '835 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '835 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

90. The '835 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '835 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '835 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '835 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '835 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT XXII

### (Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,904,707)

91. Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

92. Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

93. To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has not induced infringement of any valid and enforceable claim of the '707 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '707 patent because Apple's products do not include each and every element of any claim of the '707

patent. Additionally, Apple has not and does not contribute to infringement of the '707 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '707 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '707 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

94.     The '707 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '707 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '707 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '707 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '707 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## COUNTERCLAIM COUNT XXIII

### (Request for Declaratory Judgment of Non-Infringement and Patent Invalidity of U.S. Patent No. 7,925,898)

95.     Apple realleges and incorporates herein by reference the allegations in Counterclaim paragraphs 1 through 6.

96.     Intertrust failed to show, and cannot show, that Apple's products infringe any of the Asserted Patents. Intertrust's Amended Complaint asserts twenty three patents that together contain nearly 2000 claims. Intertrust fails to specify with any particularity the claims that Intertrust alleges are infringed by Apple's products.

97.     To the extent Intertrust's overly broad and far reaching infringement allegations sufficiently set forth a claim, Apple has not infringed, has not contributed to infringement, and has

not induced infringement of any valid and enforceable claim of the '898 patent, either literally or under the doctrine of equivalents. Apple has not and does not directly infringe any claim of the '898 patent because Apple's products do not include each and every element of any claim of the '898 patent. Additionally, Apple has not and does not contribute to infringement of the '898 patent. Apple's products cannot indirectly infringe by contribution under 35 U.S.C. § 271(c) because Apple has no knowledge that its products are especially made or especially adapted for use in infringement of the '898 patent. Moreover, Apple's products are suitable for substantial noninfringing uses. Further, Apple has not and does not actively encourage and induce others to directly infringe the '898 patent. Apple's products do not infringe by inducement under 35 U.S.C. § 271(b) because Apple does not actively and knowingly aid and abet another's direct infringement, including a specific intent and clear actions to induce infringement.

98.     The '898 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112. One or more claims of the '898 patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 101. In particular, one or more claims of the '898 patent do not relate to a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof. Additionally, one or more claims of the '898 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§102 and 103. Further, one or more claims of the '898 patent are invalid for failure to comply with the requirements of 35 U.S.C. § 112 including, but not limited to, lack of a written description, failure to particularly point out and distinctly claim the alleged invention, and/or failure to enable any person skilled in the art to make and use the alleged invention.

## DEMAND FOR TRIAL BY JURY

99.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for judgment as follows on Intertrust's Amended Complaint and on Apple's Answer, Affirmative Defenses and Counterclaims:

A.     That each of the Asserted Patents be declared not infringed and invalid;

B.      That Intertrust take nothing by its Amended Complaint;

C.      That judgment be entered in favor of Apple against Intertrust on Intertrust's Amended Complaint;

D.      That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Intertrust's conduct in commencing and pursuing this action be found to render this an exceptional case and that Apple be awarded its attorneys' fees incurred in connection with this action;

E.      That Apple be awarded its costs of suit incurred herein; and

F.      That Apple be granted such other and additional relief as this Court deems just and proper.

Dated: July 29, 2013                    Respectfully Submitted,

                                        */s/ Marcus E. Sernel, P.C.*

                                        Gregory S. Arovas, P.C.
                                        KIRKLAND & ELLIS LLP
                                        601 Lexington Avenue
                                        New York, New York  10022
                                        greg.arovas@kirkland.com
                                        Telephone:  (212) 446-4800
                                        Facsimile:  (212) 446-4900

                                        Marcus E. Sernel, P.C.
                                        KIRKLAND & ELLIS LLP
                                        300 North LaSalle Street
                                        Chicago, Illinois  60654
                                        marc.sernel@kirkland.com
                                        Telephone:  (312) 862-2000
                                        Facsimile:  (312) 862-2200

                                        Sarah E. Piepmeier, SBN 227094
                                        KIRKLAND & ELLIS LLP
                                        555 California Street
                                        San Francisco, California  94104
                                        sarah.piepmeier@kirkland.com
                                        Telephone: (415) 439-1976
                                        Facsimile: (415) 439-1500

                                        *Attorneys for Apple Inc.*