[COUNSEL LISTED ON SIGNATURE PAGE]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERTRUST TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO. 4:13-cv-01235-YGR<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: August 26, 2013<br>Time: 2:00 p.m.<br>Courtroom 5, 2nd Floor<br>Honorable Yvonne Gonzalez Rogers |

Pursuant to this Court's Civil Local Rule 16-9, the parties jointly submit this Case Management Statement. Counsel for Intertrust Technologies Corporation ("Intertrust") and counsel for Apple Inc. ("Apple") met and conferred beginning on August 5, 2013.

## I. Jurisdiction And Venue.

The parties agree that this Court has subject matter jurisdiction over this action at least under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Venue is proper for this action in this Court pursuant to 28 U.S.C. §§ 1391 and 1400. All named parties have been served and there are no unresolved issues relating to service of process.

## II. Facts.

On March 20, 2013, Intertrust filed this action, asserting claims for alleged infringement of U.S. Patent Nos. 5,892,900, U.S. Patent No. 5,915,019, U.S. Patent No. 5,917,912, U.S. Patent No. 5,920,861, U.S. Patent No. 5,949,876, U.S. Patent No. 5,982,891, U.S. Patent No. 6,112,181, U.S. Patent No. 6,157,721, U.S. Patent No. 6,185,683, U.S. Patent No. 6,253,193, U.S. Patent No. 7,392,395, U.S. Patent No. 7,734,553, U.S. Patent No. 7,761,916, U.S. Patent No. 8,191,157, and U.S. Patent No. 8,191,158, based on Apple making, using, selling, offering for sale, and/or importing in the United States Apple products as identified in Intertrust's complaint. On June 7, 2013, Intertrust filed its First Amended Complaint, alleging infringement of the fifteen patents asserted in the original complaint, as well as infringement of U.S. Pat. No. 6,658,568, U.S. Pat. No. 6,668,325, U.S. Pat. No. 7,281,133, U.S. Pat. No. 7,581,092, U.S. Patent No. 7,590,853, U.S. Pat. No. 7,844,835, U.S. Pat. No. 7,904,707, and U.S. Pat. No. 7,925,898. Intertrust alleges that the alleged infringement was willful, and, as alleged in Intertrust's Amended Complaint, for certain patents Apple is allegedly liable for indirect infringement, either through induced infringement, contributory infringement, or both.

On July 29, 2013, Apple filed an Answer to Intertrust's Amended Complaint, seeking declarations of noninfringement and invalidity of Intertrust's asserted patents. Apple also raised affirmative defenses, and reserves the right to allege, after appropriate discovery has been taken, that the asserted patents are unenforceable due to inequitable conduct. Intertrust's response is due on August 22, 2013.

### III. Legal Issues.

The legal issues in dispute are those raised in Intertrust's Amended Complaint, and Apple's affirmative defenses and counterclaims, including the following:

- Whether the accused Apple products and services infringe Intertrust's asserted patents.
- Whether Intertrust's asserted patents are valid and enforceable;
- The amount of damages and other monetary relief for which Apple is allegedly liable;
- Whether Intertrust should be granted a permanent injunction against Apple's accused products; and
- The proper construction to be given to the claims of the patents-in-suit.

### IV. Motions.

There are no presently pending motions.  Motions may be filed as the case progresses.

### V. Amendment Of Pleadings.

The deadline for amending pleadings is set forth in the parties' proposed schedules set forth in Section XVII below at item no. 28.

### VI. Evidence Preservation.

The parties conducted their Rule 26(f) conference on August 5, 2013.  The conference was attended by lead counsel for each party.  The parties have reviewed the ESI Guidelines, and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  During the Rule 26(f) meeting, the parties discussed the items identified in the Court's Checklist For Rule 26(f) Meet And Confer Regarding Electronically Stored Information.  The parties' proposals for ESI are set forth in Section VIII.C. below.

### VII. Disclosures.

The parties have not yet served initial disclosures.  Under Fed. R. Civ. Proc. 26(a)(1)(C), the parties are required to serve initial disclosures within 14 days of the Rule 26(f) conference, or on August 19, 2013, unless changed by stipulation.  The parties have agreed to serve their initial disclosures on August 19, 2013.

**VIII.    Discovery.**

    A.    Discovery Taken To Date.

The parties have each served their respective first set of requests for the production of documents and things. Apple has also served its first set of interrogatories to Intertrust. Responses to the document requests and interrogatories are not yet due.

    B.    Limitations On Discovery.

The parties agree that at depositions that require an interpreter, there shall be an official interpreter hired by the side taking the deposition. The parties further reserve the right to hire their own interpreter to verify the translation by the official interpreter. The parties propose the following limits for discovery:

*Depositions*

*Standard:* 10 depositions (Fed. R. Civ. Proc. 30(a)(2), 31(a)(2))

*Proposed*: 150 hours of total deposition time for each side (*i.e.*, 150 hours for Intertrust and 150 hours for Apple) with a 7-hour limit for individual, non-inventor depositions. The parties will negotiate in good faith regarding whether a 7-hour limit is appropriate for 30(b)(6) and inventor depositions. The amount of actual individual, inventor, 30(b)(6), and third-party deposition time shall count against the total time, but expert depositions will not. Depositions requiring an interpreter count as half time.

*Interrogatories*

*Standard*: 25 interrogatories (Fed. R. Civ. Proc. 33(a)(1))

*Requests For Admission*

*Standard*: No limit in Fed. R. Civ. Proc.

*Proposal*: 100 requests for admission per party; requests for admission of the authenticity of a document do not count against the limit.

C. Discovery of ESI.

During their Rule 26(f) conference, and on subsequent occasions, the parties discussed preservation, collection and production of ESI. The parties are continuing discussions regarding ESI and expect to enter into an ESI stipulation addressing preservation, collection, and production of ESI.

D. Protective Order.

The parties are negotiating the scope of a protective order to govern this action, including the production of highly confidential source code and related documents sought in this case. The parties have exchanged a draft proposed order. In the interim, the parties are operating under the Patent Local Rule 2-2 Interim Model Protective Order. The parties agree, pending finalization of a stipulated protective order, not to withhold documents without timely seeking an appropriate Protective Order from the Court.

E. Privilege And Privilege Logs.

The parties are in discussions on and will enter into a stipulation regarding appropriate procedures with respect to privilege logs. The parties shall have the right to claw back inadvertently produced privileged or work-product documents.

The parties agree to update privilege logs to account for each successive production within 60 days of such successive production. The parties are not required to log documents or things protected by the attorney-client privilege, work product immunity or other privilege or protection ("Privileged Materials) that were created after March 20, 2013. In addition, Privileged Materials created by or on behalf of litigation counsel or communicated to litigation counsel, regardless of their date, do not need to be included on any privilege log. Privileged Materials created by or on behalf of counsel representing the parties in the U.S. Patent And Trademark Office for purposes of interference proceedings do not need to be included on any privilege log. For avoidance of doubt, this includes communications between a party's in-house counsel and that party's employees, a party's in-house counsel and counsel of record, or between counsel of record in this and related matters that are covered by joint defense or common interest privilege, but does not include communications with third parties or their counsel.

F.  Expert Discovery.

The parties will meet and confer regarding the entry of a stipulation limiting the discovery of expert materials. The parties will meet and confer to set reasonable limits on expert deposition time.

G.  Phased Discovery.

The only phasing of discovery which the parties currently propose is as described in their respective proposed schedules in Section XVII regarding expert discovery.

IX.  **Class Actions.**

This is not a class action.

X.  **Related Cases.**

No other related cases or proceedings are currently pending before any Court or administrative body.

XI.  **Relief.**

*For Intertrust's Case*

The relief Intertrust seeks in its case against Apple is detailed in its Amended Complaint. In summary, Intertrust seeks:

- A judgment that Apple has infringed, contributorily infringed, and/or induced infringement of one or more claims of Intertrust's asserted patents;

- A judgment that each of Intertrust's asserted patents is valid and enforceable;

- An order and judgment permanently enjoining Apple and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further infringement of Intertrust's asserted patents;

- A judgment awarding Intertrust all damages adequate to compensate for Apple's infringement of Intertrust's asserted patents, and in no event less than a reasonable royalty for Apple's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

- A judgment awarding Intertrust all damages, including treble damages, based on any infringement found to be willful, together with pre-judgment interest;

1  • Various other relief, including treble damages, costs of suit and reasonable attorneys'
2  fees, and any other relief to which Intertrust may be entitled.

3  ***For Apple's Case***

4  The relief Apple seeks in its case against Intertrust is detailed in its Answer And
5  Counterclaims. In summary, Apple seeks a judgment:

6  • That each of the Asserted Patents be declared not infringed and invalid;

7  • That Intertrust take nothing by its Amended Complaint;

8  • A judgment be entered in favor of Apple against Intertrust on Intertrust's Amended
9  Complaint;

10  • That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Intertrust's conduct in
11  commencing and pursuing this action be found to render this an exceptional case and that Apple be
12  awarded its attorneys' fees incurred in connection with this action;

13  • That Apple be awarded its costs of suit incurred herein; and

14  • That Apple be granted such other and additional relief as this Court deems just and
15  proper.

16  **XII.    Settlement And ADR.**

17  The parties have agreed as part of the required ADR rules to engage in ADR discussions and
18  select an appropriate ADR process under the ADR stipulation, and at a time and date that is mutually
19  acceptable to both parties. Currently, all dates for filing and service of the ADR certification and
20  ADR stipulation required by the ADR rules have been vacated.

21  Intertrust's Proposal:  The Hon. Ronald M. Whyte, Senior District Judge of this district,
22  successfully mediated the predecessor cases, pending before the Hon. Saundra Brown Armstrong,
23  asserting the patents at issue in this case against Microsoft. *Intertrust Technologies Corp. v. Microsoft*
24  *Corp.*, Case Nos. 01-cv-1640-SBA and 02-cv-0647-SBA ("the *Microsoft* Actions"). The patents in
25  this case, except for one, were asserted in the *Microsoft* Actions or are continuations of the patents
26  asserted in the *Microsoft* Actions. Once Apple has identified which of Judge Armstrong's claim
27  interpretations it wishes to contest, and the claim interpretation issues have been resolved by this

28

Court, Intertrust believes that Judge Whyte may be able to successfully mediate this case with Apple just as he did the cases with Microsoft.

### XIII. Consent To Magistrate Judge For All Purposes.

The parties do not consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

### XIV. Other References.

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. Narrowing Of Issues.

*Intertrust Statement*

The parties have discussed but have not reached agreement on Apple's proposal to narrow the number of asserted patent claims before the start of discovery and are presently unaware of any potential for narrowing of issues except as set forth in their respective schedules in Section XVII below. Intertrust has proposed an early exchange of Apple source code in return for an early list of infringed claims but no agreement has yet been reached. Should such potential agreements arise, the parties will present such information to the Court. However, the parties' respective proposed schedules provides for narrowing of asserted claims and asserted prior art as set forth in Section XVII below.

The schedule proposed by Intertrust, modeled on Judge Koh's orders in *Apple v. Samsung* where Apple is the plaintiff patentee, provides for a reasonable and timely reduction in both the number of asserted claims and the number of asserted prior art references. Limiting claims after claim construction can be done in a way that protects a patentee's constitutional rights. *See In Re Katz*, 639 F.3d 1303, 1313 n.9 (Fed. Cir. 2011) (warning that narrowing of claims could be done too early); *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions*, Case No. 12-00068, N.D. Cal. Oct. 22, 2012 Order (refusing to limit the number of claims prior to claim construction and discovery); *SPH America, LLC v. High Tech Computer Corp.*, Case No. 3:08-cv-02146, S.D. Cal. March 4, 2009 Order (refusing to order patentee to reduce the number of asserted claims below 253); *Dataquill Ltd. V. High Tech Computer Corp.*, Case No. 3:08-cv-00543, S.D. Cal. March 16, 2011 (refusing to limit the

number of claims where discovery was ongoing); *Microunity Sys. Eng'g, Inc. v. Apple Inc.*, Case No. 2:10-cv-00091, E.D. Tex. June 7, 2012 Order (refusing to limit the number of claims prior to claim construction).

The cases cited by Apple do not justify depriving Intertrust of the right to conduct discovery and consider claim construction related to each of its asserted claims. In fact, the Federal Circuit warned "[i]t is also conceivable that a claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses." *In re Katz*, 639 F.3d at 1313 n.9. *Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. App'x 897 (Fed. Cir. 2011) (unpublished), is not to the contrary, insofar as the Federal Circuit merely agreed that it was within the district court's authority to limit the number of asserted claims, not that the claims should be limited at any particular point in the litigation. *Stamps.com*, 2011 WL 2417044 at *3.

Although Apple cites to some district court cases in which courts have restricted the number of pending claims prior to claim construction,[1] those cases are less persuasive than the Federal Circuit's warning in *In Re Katz* and Judge Koh's order in another large case presently pending in this district.[2] And in *Network Protection Svcs, LLC v. Fortinet, Inc.*, 2013 WL 1949051 at *2 (N.D. Cal. May 9, 2013), the court acknowledged that the plaintiff had dropped a number of claims but did not order a reduction of claims.

Premature restrictions on the number of asserted claims will not materially reduce the discovery burden on Apple. Although the claims are varied, the Apple products and software to

---

[1] *Software Rights Archive, LLC v. Facebook, Inc.*, Case No. 5:12-cv-03970, N.D. Cal. Feb. 15, 2013 Order; *Medtronic Minimed Inc. v. Animas Corp.*, 2013 WL 3322248 at *2-3 (C.D. Cal. Apr. 5, 2013; *Adobe Sys. Inc. v. Wowza Media Sys. LLC*, Case3:11-cv-02243, N.D. Cal. May 6, 2013 Order (but did not order reduction in claims until after both fact and expert discovery were complete); *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, 2005 WL 2304190 (D. Del. Sept. 20, 2005) (limitation on claims were based, in part, on allegations that patentee "expanded the scope" of litigation a mere "five weeks before the close of fact discovery" and was accused of other discovery failings).

[2] Apple cites the model order published by the advisory committee to the Federal Circuit, but that model order was withdrawn by order of the Federal Circuit itself. *See* http://www.cafc.uscourts.gov/the-court/advisory-council.html.

which the claims will be mapped does not vary much across the asserted claims. The source code and technical documents that Apple will need to produce would be the essentially the same with all of the presently contemplated claims as it would be with a reduced number of claims.

As noted in section XVII below regarding scheduling, Intertust has further proposed that 30 days following Apple's complete production of documents required under Patent L.R. 3-4 and then again 30 days following Apple's complete production of invalidity contentions and prior art required under Patent L.R. 3-3, Intertrust will compare its infringement contentions against the material produced by Apple and confirm which of the previously disclosed patent claims it believes there is still good cause to assert. The parties can then meet and confer on a stipulation dismissing claims and counterclaims without prejudice and as appropriate.

*Apple Statement*

Intertrust presently asserts infringement of 23 patents containing nearly 2,000 claims against essentially all of Apple's products. Both parties agree that no more than 10-12 of these patent claims should reach consideration on their merits. To allow litigation to proceed in an orderly fashion, and to avoid wasting Court and party resources on an array of claims that will never reach trial, Apple believes limits should be imposed at appropriate stages of the case on the number of patent claims Intertrust may assert.

The Federal Circuit has affirmed limits on the number of asserted patent claims, and acknowledged the necessity of such limits. *See In re Katz Interactive Call Processing Patent Litigation,* 639 F.3d 1303, 1309-13 (Fed. Cir. 2011) (affirming order requiring plaintiff "initially to select no more than 40 claims per defendant group, and after discovery to narrow the number of selected claims to 16 per defendant group"); *Stamps.com, Inc. v. Endicia, Inc.,* 437 F. App'x 897, 900-03 (Fed. Cir. Aug. 1, 2011) (affirming limit to 15 claims prior to claim construction). Limits of this nature have been imposed by numerous courts, including in recent rulings by this District. *See, e.g., Software Rights Archive, LLC v. Facebook, Inc.,* No. 12-CV-3970 RMW (N.D. Cal., Feb. 15, 2013) (limiting to 30 asserted claims before invalidity contentions); *Adobe Sys. Inc. v. Wowza Media Sys., et al., LLC,* No. 11-cv-02243-JST (N.D. Cal., May 6, 2013) (limiting to 20 asserted claims before claim construction); *see also Medtronic Minimed Inc. et al. v. Animas Corp.,* 2013 WL 3322248, CV 12-

04471 RSWL (RZx) (C.D. Cal, April 5, 2013) (limiting to 36 asserted claims before invalidity contentions); *Fenster Family Patent Holdings, Inv. Elscint Ltd.,* No. Civ.A.04–0038 JJF, 2005 WL 2304190 (D. Del. Sept. 20, 2005) (limiting to 15 asserted claims prior to completion of fact discovery and prior to claim construction). This trend is further reflected in a Model Order recently adopted by the Federal Circuit Advisory Council (but not endorsed by the Federal Circuit itself). (Ex. A.)

Although both parties agree the number of asserted claims should be limited and that no more than 10-12 claims should reach evaluation on their merits, the parties disagree on timing. Apple proposes that limits should be timed to avoid wasting Court and party resources on an array of claims that will ultimately be dropped. Since trial will involve a maximum of roughly 10 claims, there is no need to start with more than four times that amount (*i.e.,* more than 40 claims). Analysis conducted by Intertrust in formulating its infringement contentions should provide ample basis to decide which claims to include in this initial set. After Intertrust has reviewed Apple's technical documents, further narrowing to no more than 32 claims is appropriate. This will allow invalidity contentions and claim construction to be conducted with a manageable number of claims,[3] while still allowing Intertrust the flexibility of proceeding on three times the number of claims it might ultimately assert at trial.

Intertrust, on the other hand, proposes that the number of asserted claims remain unlimited until after claim construction. This unreasonably burdens Apple with collecting documents and preparing invalidity contentions for a large array of claims that will later be dropped. *See Network Protection Sciences, LLC v. Fortinet, Inc.,* 2013 WL 1949051 (N.C. Cal., May 9, 2013) (criticizing patentee for imposing on defendant "a bone-crushing burden of conducting a prior art search for more than fifty patent claims," which were later narrowed to fifteen claims). Intertrust's approach also unreasonably burdens the Court and the parties with conducting claim construction for a large array of claim terms, many of which will likely be rendered irrelevant.

A further point of disagreement between the parties is the status of claims that are dropped during litigation. Apple proposes that Intertrust be permitted to seek leave to substitute claims, but

---

[3] This assumes the Court will be amenable to construction of substantially more than its default limit of 10 claim terms. If the Court is not so inclined, then even lower limits on the number of asserted claims should be imposed to avoid severe prejudice to Apple.

only if good cause is shown. This allows Intertrust to deal with any "surprises" that may arise in the litigation and also eliminates any alleged prejudice from limiting claims in a timely fashion. *See In re Katz,* 639 F.3d at 1311-1312; *Stamps.com,* 437 F. App'x at 902-903. Intertrust, on the other hand, appears to contend that it should be permitted to freely re-assert dropped claims. This approach—which defeats the purpose of limiting claims and opens the door to even greater inefficiency—has been rejected by the Federal Circuit. *See id.*

### XVI. Expedited Trial Schedule.

This case is not appropriate for expedited trial procedures.

### XVII. Schedule.

The parties propose the following schedules:

| | Case Event | Apple's Proposed Deadline | Intertrust's Proposed Deadline |
|---|---|---|---|
| 1. | Initial Disclosures (Fed. R. Civ. Proc. 26(a)(1)) | 19-Aug-13 | 19-Aug-13 |
| 2. | Initial Case Management Conference (D.I. 24) | 26-Aug-13 | 26-Aug-13 |
| 3. | Patent L.R. 3-1, 3-2 Disclosure of Asserted Claims and Infringement Contentions and Document Production | 9-Sep-13<br><br>No more than 40 claims (all limits without prejudice to substituting claims later for good cause) | 9-Sep-13<br><br>No limit on claims<br><br>(There is no rule or other authority that limits the number of claims that Intertrust may assert at this time.) |

| | | | |
|---|---|---|---|
| 4. | Patent L.R. 3-4 Document Production (technical documents and preliminary production of prior art) | 9-Dec-13 | 24-Oct-13<br><br>30 days following Apple's complete production of documents required under Patent L.R. 3-4, Intertrust will confirm which of the patents and patent claims it wishes to assert. The parties will meet and confer on a stipulation dismissing claims and counterclaims without prejudice and as appropriate. |
| 5. | Interim Limit on Asserted Claims | 8-Jan-14<br><br>No more than 32 claims | No limit on claims at this point. But see item 4 above and item 6 below with respect to Intertrust confirming the patents and patent claims it wishes to assert. |
| 6. | Patent L.R. 3-3 Invalidity Contentions and production of any remaining prior art | 7-Feb-14 | 9-Dec-13<br><br>30 days following Apple's complete production of invalidity contentions and prior art required under Patent L.R. 3-3, Intertrust will confirm which of the patents and patent claims it wishes to assert. The parties will meet and confer on a stipulation dismissing claims and counterclaims without prejudice and as appropriate. |
| 7. | Patent L.R. 4-1 Exchange of Proposed Terms for Construction | 21-Feb-14 | 23-Dec-13 |

| | | | |
|---|---|---|---|
| 8. | Patent L.R. 4-2 Exchange of Preliminary Constructions and Extrinsic Evidence | 14-Mar-14 | 20-Jan-14 |
| 9. | Motion to Construe More Than 10 Claim Terms<br>YGR Standing Order For Patent Cases ¶ 4 | 25-Mar-14 | 7-Feb-14 |
| 10. | Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement and Disclosure of Expert Declarants | 8-Apr-14 | 21-Feb-14 |
| 11. | Patent L.R. 4-4 Close of Claim Construction Discovery | 8-May-14 | 24-Mar-14 |
| 12. | Patent L.R. 4-5 Opening Claim Construction Brief and Expert Declaration(s) (if any) | 23-May-14 | 7-Apr-14 |
| 13. | Last day to depose Opening Expert Declarant(s) | 6-Jun-14 | 21-Apr-14 |
| 14. | Patent L.R. 4-5 Responsive Claim Construction Brief (Apple) and Expert Declaration (if any) | 23-Jun-14 | 28-Apr-14 |
| 15. | Last day to depose Responsive Expert Declarants (if any) | 7-Jul-14 | 12-May-14 |
| 16. | Patent L.R. 4-5 Reply Brief (Intertrust) | 14-Jul-14 | 19-May-14 |
| 17. | Sur-reply (Apple) | 21-Jul-14 | N/A<br>(Not required by any applicable rule.) |
| 18. | Tutorial<br>YGR Standing Order For Patent Cases ¶ 7 | 28-Jul-14 | 30-May-14 |
| 19. | Patent L.R. 4-6 Claim Construction Hearing | 13-Aug-14 | 6-Jun-14 |
| 20. | Second Case Management Conference<br>YGR Standing Order For Patent Cases ¶ 13 | To be determined by the Court | To be determined by the Court |

| | | | |
|---|---|---|---|
| 21. | First Interim Limit on Asserted Claims | | 15 days after claim construction ruling<br><br>No more than 50 claims (all claim dismissals without prejudice) |
| 22. | First Interim Limit on Prior Art | | 30 days after claim construction ruling<br><br>4 references per remaining independent claim and no more than 90 references total (each reference or combination counts as one reference) |
| 23. | Second Interim Limit on Asserted Claims | 45 days after claim construction ruling<br><br>No more than 16 claims | 75 days after claim construction ruling<br><br>No more than 30 claims |
| 24. | Second Interim Limit on Prior Art | 75 days after claim construction ruling<br><br>No more than 40 references total (combinations count as only one reference; all limits without prejudice to substituting references later for good cause) | 90 days after claim construction<br><br>4 references per remaining independent claim and no more than 60 references total (each reference or combination counts as one reference) |
| 25. | Patent L.R. 3-7 Disclosure re Advice of Counsel | 50 days after claim construction ruling. | 50 days after claim construction ruling. |
| 26. | Deadline for Amending Pleadings | 60 days after claim construction ruling | 60 days after claim construction ruling |
| 27. | Close of Fact Discovery | 90 days after claim construction ruling | 75 days after claim construction ruling |
| 28. | Deadline to File Motions to Compel | 14 days after close of fact discovery | 14 days after close of fact discovery |
| 29. | Opening Expert Reports | 45 days after close of fact discovery | 45 days after close of fact discovery |
| 30. | Rebuttal Expert Reports | 45 days after opening expert reports | 45 days after opening expert reports |

| | | | |
|---|---|---|---|
| 31. | Close of Expert Discovery | 45 days after rebuttal expert reports | 45 days after rebuttal expert reports |
| 32. | Third Interim Limitation of Claims | 5 days after close of expert discovery  no more than 10 claims | 5 days after close of expert discovery - no more than 20 claims |
| 33. | Third Interim Limitation of Prior Art | 12 days after close of expert discovery  no more than 24 references total (combinations count as only one reference) | 12 days after close of expert discovery - 4 references per remaining independent claim and no more than 40 references total (each reference or combination counts as one reference) |
| 34. | Last Day to File Summary Judgment Motions | 45 days after close of expert discovery | 30 days after close of expert discovery |
| 35. | Final Limitation of Claims | | 14 days before Pretrial Conference - no more than 12 claims |
| 36. | Final Limitation of Prior Art | | 7 days before Pretrial Conference - 3 references per remaining independent claim and no more than 24 references total (each reference or combination counts as one reference) |
| 37. | Pretrial Conference | To be determined by the Court | To be determined by the Court |
| 38. | Trial | To be determined by the Court | To be determined by the Court |

## XVIII.     Trial.

Intertrust has demanded a jury trial for its claims and Apple has demanded a jury trial for its counterclaims.  If both parties' claims are tried in a single proceeding, a 15-day (trial days) trial may be required.

1  **XIX.     Disclosure of Non-Party Interested Entities or Persons.**

2  The parties have filed Certifications of Interested Persons or Entities pursuant to Civil Local

3  Rule 3-16, which are repeated here pursuant to the Court's standing order.

4  *For Intertrust*

5  Intertrust has certified that the following publicly held corporation owns 10% or more of its

6  stock:  KONINKLIJKE PHILIPS ELECTRONICS N.V.

7  Intertrust further certified that, in addition to the entity identified above, the following listed

8  entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding,

9  or (ii) have a non-financial interest in that subject matter or in a party that could be substantially

10  affected by the outcome of this proceeding:  SONY CORPORATION OF AMERICA; STEPHENS

11  ACQUISITION LLC.

12  *For Apple*

13  Apple has no such entity or person to report.

14  **XX.     Other Matters.**

15  Patent Local Rule 2-1(a) requires the parties to meet and confer on the following additional

16  topics:

17  **a.   Proposed modification of the obligations or deadlines set forth in the Patent Local Rules to ensure that they are suitable for the circumstances of the particular case; and**

18

19  **b.   The scope and timing of any claim construction discovery including disclosure of and discovery from expert witnesses.**

20  The parties' proposed schedules addresses the Patent Local Rules and the timing of claim

21  construction discovery.

22

23  **c.   The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.**

24

25  The parties do not envision presenting live witness testimony during the hearing.

26  *Intertrust Statement*

27  Intertrust proposes 1 day for the Claim Construction Hearing, with 1/2 day per side.

28  *Apple Statement*

1  Given the number and voluminous specifications of the asserted Intertrust patents, Apple cannot reasonably approximate the time that will be needed for a claim construction hearing. Apple acknowledges the Court's standard approach of allowing no longer than three hours for claim construction hearing and construing no more than ten terms. (8/6/12 Standing Order, ¶¶ 3, 12.) Apple has proposed (in paragraph XV above) narrowing the disputed issues in the case in advance of claim construction. However, even with such narrowing, it may be necessary to seek modifications to the Court's standard approach.

**d.     How the parties intend to educate the Court on the technology at issue.**

The parties propose to have a technology tutorial with time split evenly between Intertrust and Apple.

**e.     Service of Documents**

The parties agree to service by email, with delivery of lengthy exhibits accompanying Court filings that are not otherwise served via the Court's ECF system by posting the documents on an FTP site. Service executed in the foregoing manner will be considered "actual delivery" under Civil Local Rule 5-5(a)(1) and will be treated as hand service under Fed. R. Civ. P. 5(b)(2)(A) on the day that the documents are emailed or posted on an FTP site. The parties are currently negotiating an ESI Agreement and case-specific Protective Order to address production of documents and things in this case.

DATED: August 19, 2013              Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN

By:  /s/ Frederick A. Lorig

Robert P. Feldman (Bar No. 69602)
bobfeldman@quinnemanuel.com
Linda J. Brewer (Bar No. 217730)
lindabrewer@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Frederick A. Lorig (Bar No. 57645)
fredericklorig@quinnemanuel.com

|  |  |
|---|---|
| 1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | 865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA  90017 |
|  | Telephone: (213) 443-3000 |
| 3 | Facsimile: (213) 443-3100 |

*Attorneys for Plaintiff Intertrust Technologies Corp.*

DATED: August 19, 2013                Respectfully submitted,

KIRKLAND & ELLIS

By:  */s/Marcus E. Sernel, P.C.*

Gregory S. Arovas, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
greg.arovas@kirkland.com
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

Marcus E. Sernel, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
marc.sernel@kirkland.com
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Sarah E. Piepmeier, SBN 227094
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
sarah.piepmeier@kirkland.com
Telephone: (415) 439-1976
Facsimile: (415) 439-1500

*Attorneys for Apple Inc.*