**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **INTERTRUST TECHNOLOGIES CORPORATION,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**APPLE INC.,**<br><br>     **Defendant.** | **Case No.: 13-CV-1235 YGR**<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS; DENYING ADMINISTRATIVE MOTION TO SEAL** |

Now before the Court are two motions: (1) the Motion of Plaintiff Intertrust Technology Corporation for Leave to Amend Its Infringement Contentions (Dkt. No. 47-3 ("Motion for Leave to Amend")), noticed for hearing on January 7, 2014, and (2) an Administrative Motion to Seal exhibits filed in support of the Motion for Leave to Amend (Dkt. No. 47 ("Motion to Seal"). Intertrust filed its Motion for Leave to Amend on December 3, 2013, as an exhibit to the Motion to Seal.[1] On December 17, 2013, Defendant Apple, Inc., filed a statement of non-opposition to the Motion for Leave to Amend. (Dkt. No. 51.) Intertrust replied on December 24, 2013. (Dkt. No. 57.) Neither Apple's statement of non-opposition nor Intertrust's reply mention the Motion to Seal, but the Motion to Seal itself represents that Apple does not oppose it. (Motion to Seal at 1-2.)

---

[1] Both parties are **ORDERED** henceforth to file noticed motions as separate electronic docket entries rather than as exhibits to non-noticed motions (such as administrative motions, including motions to seal). The Court's electronic filing system does not automatically add noticed motions to the Court's calendar when the noticed motion is filed as an exhibit. Accordingly, to reduce the administrative burden on the Court, noticed motions must be filed as separate docket entries.

The Motion for Leave to Amend being unopposed, and for good cause appearing, the Court **GRANTS** it and **VACATES** the hearing set for January 7, 2014.[2]

The Motion to Seal is a different matter. Though that motion, too, is unopposed (Motion to Seal at 1-2), no good cause appears to seal the requested material. To establish that material is sealable, the party wishing to exclude it from the public record—here, Intertrust—must establish that it is "privileged or protectable as a trade secret or otherwise entitled to protection under the law . . . ." Civ. L.R. 79-5(a). Here, the material sought to be sealed is a single paragraph which appears, in identical form, in both Exhibit G and Exhibit H to the Declaration of James Stein (Dkt. Nos. 47-1 (Stein Decl.), 47-12 (Ex. G), 47-14 (Ex. H). The paragraph references nothing more than the existence of pre-litigation patent licensing discussions between Apple and Intertrust. It divulges nothing more than the dates of conversations, and the titles of documents and presentations given by Intertrust to Apple. Intertrust urges the Court to seal the material because its disclosure "is likely to cause Intertrust harm as potential licensees could use the information adversely against Intertrust in future licensing negotiations." (Motion to Seal at 1.) This generic invocation of possible harm by unidentified persons someday in the future is insufficient to sustain a request to cut off public access to materials in this case—especially when the documents reveal nothing more than that attempts to resolve this matter before litigation failed, a fact which is evidenced amply by the litigation itself. In short, nothing in the paragraph itself is manifestly sealable, nor has Intertrust supplied good cause to seal it. Accordingly, the Motion to Seal is **DENIED**. Intertrust shall file in the public record unredacted versions of Exhibits G and H to the Stein Declaration within five business days of the signature date of this Order.

///

///

---

[2] The Court acknowledges certain disagreements contained in the statement of non-opposition and reply, but, as neither party requests judicial intercession, the Court refrains from commenting other than to remind the parties that moving papers should be directed to the substance of the motion at bar, rather than to ancillary matters such as "clarifying" one's opponent's position, a gesture that predictably leads to the opponent's "correction" of perceived misstatements. Being irrelevant to the motion at bar, both of these non-issues merely waste judicial resources and do not comport with the level of professionalism that the Court expects from practitioners in this District.

This Order terminates Docket No. 47.

**IT IS SO ORDERED**.

Date: January 3, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3